IN THE SUPREME COURT OF TENNESSEE

AT KNOXVILLE

(HEARD AT JOHNSON CITY)



**FILED**

**October 26, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

| | | |
|---|---|---|
| JAMES AND CAROLYN CHRISMAN | ) | FOR PUBLICATION |
| | ) | |
| Plaintiffs-Appellees | ) | FILED:  OCTOBER 26, 1998 |
| | ) | |
| v. | ) | KNOX COUNTY |
| | ) | |
| HILL HOME DEVELOPMENT, INC. | ) | HON. WHEELER ROSENBALM, |
| and JIM HILL | ) |     JUDGE |
| | ) | |
| Defendants-Appellants | ) | NO. 03-S-01-9706-CV-00077 |

For Appellees:                                    For Appellants:

DONALD E. OVERTON                          TERRILL L. ADKINS
GLENNA W. OVERTON                          Knoxville, TN
Knoxville, TN

OPINION

REVERSED                                                    BIRCH, J.

We granted permission to appeal under Rule 11, Tenn. R. App. P.,[1] to Jim Hill and Hill Home Development, Inc., the defendants, in order to determine whether they are entitled to summary judgment on the plaintiffs' claims of concealment or nuisance. With regard to the claim of concealment, we find that Hill is entitled to summary judgment because he has demonstrated that the plaintiffs are unable to prove an essential element of their claim. As respects the claim of nuisance, we find that the statute of repose bars that claim, thereby entitling the defendants to summary judgment.

The record indicates that Hill Home Development, a corporation owned by Hill, developed a Knoxville subdivision known as Fountain Gate I. As the developer, Hill Home Development contracted with civil engineering and construction companies for the design and installation of a surface water drainage system. The plaintiffs, James and Carolyn Chrisman, negotiated with Hill and purchased a house and lot in Fountain Gate I on December 8, 1988.

A few weeks after moving in, the plaintiffs noticed heavy flooding in their yard, in the adjacent property, and in the street in front of their house. They describe this flooding as a "lake" in their backyard and a "river" running through the area. In June 1989, approximately six months after moving in, flood water damaged the components of their heat-air conditioning unit which was

---

[1]Oral argument was heard in this case in Johnson City, Tennessee, as part of this Court's S.C.A.L.E.S. (Supreme Court Advancing Legal Education for Students) project.

located next to the house, in a "self-contained concrete area," with a brick retaining wall around it.  In June 1992, after a severe storm, water flooded the interior of their home and caused substantial damage.

The plaintiffs filed suit on December 29, 1994, against Hill, Hill Home Development, and several others.[2]  The plaintiffs claimed, first, that Hill had created a temporary continuing nuisance in the construction of the Fountain Gate I subdivision. In the second claim, they alleged that Hill and Hill Home Development had concealed the fact that the plaintiffs' property is subject to periodic heavy flooding.

In the trial court, all defendants moved for summary judgment; Hill and Hill Home Development based their motion, at least in part, on the contention that the applicable statute of limitations and statute of repose barred the plaintiffs' claims. The trial court granted summary judgment to each defendant.  The Court of Appeals affirmed the dismissal of all claims except claims of "fraudulent and negligent concealment" against Hill and nuisance against both Hill and Hill Home Development.  The Court of Appeals found that those claims were not time-barred, reversed the trial court's grant of summary judgment, and remanded those claims for trial on the merits.

_____

[2]The other defendants included various engineering and construction companies which helped to develop Fountain Gate I and a neighboring subdivision, Fountain Gate II, as well as the realty company through which the plaintiffs' property was listed.  The Court of Appeals affirmed the summary judgment entered in favor of these defendants, and they are not parties to this appeal.

3

Hill and Hill Home Development filed an application for permission to appeal.  We granted that application to address the following two issues:

> (1)  Whether the [Court of Appeals] erred in reversing summary judgment in favor of Jim Hill and Hill Home Development concerning allegations they created a continuing nuisance[3]; and
>
> (2) Whether the [Court of Appeals] erred in reversing summary judgment in favor of Jim Hill in his personal capacity concerning allegations of fraud and negligent concealment.[4]

Because the decision to grant or deny summary judgment involves questions of law only, we review that decision de novo, with no presumption of correctness.  Hembree v. State, 925 S.W.2d 513, 515 (Tenn. 1996).

We first address the claim of fraudulent concealment. The allegation is that Hill concealed the fact that the property is

---

[3]The scope of our opinion will be defined by the issues as described in our order granting permission to appeal.  However, we note that some discrepancies have appeared with respect to which claim is asserted against which defendant.  In the complaint, the plaintiffs alleged that Hill alone created the nuisance.  In contrast, the Court of Appeals preserved the claim of nuisance against both Hill and Hill Home Development.

The plaintiffs also alleged in their complaint that both Hill and Hill Home Development committed fraudulent concealment.  The Court of Appeals preserved the claim offraudulent concealment against Hill alone.

[4]Although our order granting permission to appeal referred to claims of "fraud and negligent concealment," a further review of the record reveals that, with respect to Hill's knowledge of the property's tendency to flood, the plaintiffs' allegations encompass only a claim of "fraud in the inducement."  We will therefore confine our discussion to "fraudulent concealment."

4

subject to periodic heavy flooding.  Hill contends that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law, or, in the alternative, that the three-year statute of limitations bars these claims.[5]  On the other hand, the plaintiffs insist that even if the three-year statute of limitations applies, the damage occurred in June 1992, well within three years of filing suit, and that Hill is not entitled to summary judgment on that basis.  Our decision on the dispute of material fact issue pretermits any consideration of the statute of limitations for the fraudulent concealment claim.

In considering the question whether Hill is entitled to judgment as a matter of law on the issue of fraudulent concealment, we must bear in mind that this case is here in the context of summary judgment.  Pursuant to Tenn. R. Civ. P. 56.04, summary judgment is granted to the moving party if the moving party complies with Rule 56.03 and the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  In determining whether a genuine issue of material fact exists for purposes of summary judgment, courts must view the facts in the light most favorable to the non-moving party and discard all countervailing evidence.  If a court determines that a dispute exists as to any material fact or any doubt exists as to the conclusions to be drawn from the facts,

_____

[5]The four-year statute of repose, Tenn. Code Ann. § 28-3-202 (1980), which we will discuss in the context of nuisance, _infra_, applies only to claims involving the construction of some kind of improvement.  Thus, it does not apply to the claim that Hill concealed or otherwise failed to disclose the existence of periodic heavy flooding.

the motion must be denied. <u>Byrd v. Hall</u>, 847 S.W.2d 208, 210-11 (Tenn. 1993).

The material facts are generally undisputed. The plaintiffs bought the residence in December 1988 and, within weeks of moving in, began noticing a heavy flow of water in their yard and in the street. Chrisman stated in his deposition that from the time he and his wife occupied the residence, a heavy runoff on their property was a "normal thing" after a heavy rain. He also stated that he became concerned about the runoff and its effect on property value as early as 1989, and he spoke to Hill about the problem at that time. Further, in their complaint the plaintiffs alleged that their heat-air conditioning unit, located on the side of the house closest to the drainage easement, had been damaged by water in June 1989.

Hill insisted that summary judgment was appropriate because the plaintiffs presented no evidence to support their allegations of fraudulent concealment. In support of his motion, Hill asserted that the plaintiffs were unable to prove an essential element of their claim. <u>See</u> <u>Alexander v. Memphis Individual Practice Ass'n</u>, 870 S.W.2d 278, 280 (Tenn. 1993). Mere conclusory assertions that the non-moving party has no evidence are clearly insufficient. The movant must affirmatively negate an essential element of the non-movant's claim by pointing to uncontradicted evidence in the record which supports the assertion. <u>Robinson v. Omer</u>, 952 S.W.2d 423, 426 (Tenn. 1997); <u>Byrd</u>, 847 S.W.2d at 215.

6

The tort of fraudulent concealment is committed when a party who has a duty to disclose a known fact or condition fails to do so, and another party reasonably relies upon the resulting misrepresentation, thereby suffering injury. Simmons v. Evans, 185 Tenn. 282, 285, 206 S.W.2d 295, 296 (Tenn. 1947); Justice v. Anderson County, 955 S.W.2d 613, 616 (Tenn. App. 1997). In support of his motion for summary judgment, Hill asserted that the plaintiffs could not prove an essential element of the tort-- *knowledge*. He pointed to his affidavit in the record stating that he had no knowledge of flooding prior to December 1988. He also pointed to Chrisman's deposition in which Chrisman affirmatively admitted having no proof to support the allegation that Hill had prior knowledge of flooding. Thus, Hill properly supported his motion for summary judgment on this ground.

Once properly supported, the burden shifts to the non-moving party to "set forth specific facts establishing the existence of disputed, material facts which must be resolved by the trier of fact." Bain v. Wells, 936 S.W.2d 618, 622 (Tenn. 1997). The plaintiffs can do this by: (1) pointing to evidence in the record which was overlooked or ignored by the moving party; (2) rehabilitating challenged evidence; (3) producing additional evidence; or (4) submitting an affidavit requesting additional time for discovery. See McCarley v. West Quality Food Serv., 960 S.W.2d 585, 588 (Tenn. 1998); Byrd, 847 S.W.2d at 215 n. 6.

The plaintiffs filed a response in opposition to Hill's summary judgment motion. We have carefully reviewed that response

7

and fail to find anything addressing Hill's contention that the plaintiffs cannot prove the essential element of knowledge. Viewing the facts in the light most favorable to the non-moving parties and discarding all countervailing evidence, the plaintiffs have not met their burden in response to Hill's properly supported summary judgment motion. Because Hill has demonstrated that the plaintiffs are unable to prove an essential element of their claim of fraudulent concealment, we reverse the Court of Appeals's denial of summary judgment to Hill on that claim.

The next issue concerns the claim that Hill and Hill Home Development created a continuing nuisance in the construction of the drainage system in Fountain Gate I. The trial court, as stated, granted summary judgment to Hill and Hill Home Development. On appeal, the Court of Appeals reversed, finding that the continuation of the nuisance thrusts the claim well into any limitations period.

The defendants insist that the four-year statute of repose, Tenn. Code Ann. § 28-3-202 (1980), bars the nuisance claim.[6] Tennessee Code Annotated § 28-3-202 provides:

> All actions to recover damages
> for any deficiency in the design,
> planning, supervision, observation
> of construction, or construction of

---

[6]The three-year statute of limitations, Tenn. Code Ann. § 28-3-105, does not bar the nuisance claim, because when a nuisance is temporary and continuous in nature, the very continuation of the nuisance is a new offense entitling plaintiffs to recover damages occurring within the applicable limitations period, even though the nuisance has existed longer than that limitations period. Kind v. Johnson City, 63 Tenn. App. 666, 672, 478 S.W.2d 63, 66 (1970).

an improvement to real property, for injury to property, real or personal, arising out of any such deficiency, or for injury to the person or for wrongful death arising out of any such deficiency, shall be brought against any person performing or furnishing the design, planning, supervision, observation of construction, construction of, or land surveying in connection with, such an improvement within four (4) years after substantial completion of such an improvement.

The statute of repose will bar an action four years after substantial completion, regardless of when the plaintiff may have reasonably discovered the injury.[7] The discovery rule, utilized to ascertain when a cause of action has accrued under a statute of limitations, does not toll the statute of repose. <u>Watts v. Putnam County</u>, 525 S.W.2d 488, 491 (Tenn. 1975). This point is emphasized by Tenn. Code Ann. § 28-3-204 (1980), which states that "[n]othing in this part shall be construed as extending the period, or periods provided by the laws of Tennessee or by agreement between the parties for the bringing of any action."

Thus, because Fountain Gate I was substantially completed in December 1988, the defendants assert that the plaintiffs' suit was barred four years after that date. On the other hand, the plaintiffs contend that Tenn. Code Ann. § 28-3-202, which they

---

[7]Tennessee Code Annotated § 28-2-203 (1980) will extend the four-year deadline one additional year from the date of the injury, if the injury occurred in the fourth year after substantial completion of the improvement. The damage to the inside of the plaintiffs' house did occur in the fourth year, in June 1992. Thus, they had at most until June 1993 to bring suit, but they waited until December 1994 to do so.

characterize as an "engineering negligence statute of limitations," applies only to claims of negligence. Because nuisance is a strict liability action in which negligence is irrelevant, they insist that Tenn. Code Ann. § 28-3-202 is inapplicable.

The plaintiffs did not file suit until December 1994, six years after substantial completion. Therefore, if Tenn. Code Ann. § 28-3-202 is applicable, it will unquestionably bar their nuisance claim. The dispositive question, then, is whether § 28-3-202 applies to the nuisance claim. We conclude that it does.

In answering this question, we first note that the plain language of the statute is inescapable: <u>all</u> actions to recover damages, caused by any deficiency in the design or construction of an improvement, shall be brought within four years of substantial completion of the improvement. In order to construe the statute as suggested by the plaintiffs, we would have to find that the term "deficiency" narrows the statute's scope to actions based only on a negligence theory--hardly a natural reading of the statute. When construing a statute, courts cannot give it a forced or subtle construction in an effort to limit or extend the import of the language. <u>Worrall v. Kroger Co.</u>, 545 S.W.2d 736, 738 (Tenn. 1977).

Further, the plaintiffs' interpretation of Tenn. Code Ann. § 28-3-202 would repudiate legislative intent. In enacting the statute, the General Assembly intended to insulate contractors, architects, engineers, and others from liability for defective construction or design of improvements to realty where the injury

happens more than four years after substantial completion of the improvement.  <u>Watts</u>, 525 S.W.2d at 492.  These persons are not at all insulated if plaintiffs are allowed to circumvent the statute of repose merely by sticking a "nuisance" label on a negligence claim.

Moreover, Tenn. Code Ann. § 28-3-202 has previously been construed to bar actions other than negligence actions.  In <u>Lonning v. Jim Walter Homes, Inc.</u>, 725 S.W.2d 682 (Tenn. App. 1987), the Court of Appeals applied § 28-3-202 to bar a suit that included claims of fraudulent misrepresentation and breach of express warranty.  The Court of Appeals also applied the statute to a suit that included claims of strict liability, breach of implied and express warranties, and misrepresentation.  <u>Pridemark Custom Plating, Inc. v. Upjohn, Co.</u>, 702 S.W.2d 566 (Tenn. App. 1985) (finding that the statute of repose did not bar the claim on different grounds).  Like nuisance, these claims do not require proof of negligence, yet the statute of repose applies with equal effect to all of them.

Casting a cause of action in terms of nuisance does not render the four-year statute of repose inapplicable.  This is true because the designation given to a cause of action does not necessarily or conclusively determine whether Tenn. Code Ann. § 28-3-202 applies.  Rather, we must look to the substantive allegations of the complaint.  In the instant case, the complaint contains a multitude of allegations with a considerable amount of blending and

duplication. However, the pertinent allegations, as we have distilled them, are as follows:

> 13. By the construction of Fountaingate I subdivision, Defendant Hill has created and maintained a temporary continuing drainage nuisance which has caused flooding onto Plaintiffs' property. Said flooding has inflicted physical harm to Plaintiffs' property and caused and will cause loss of use and enjoyment of Plaintiffs of their property. . . .
>
> . . .
>
> 15. Hill, in his construction of Fountaingate I subdivision, was negligent in that measures were not installed in Fountaingate I subdivision to prevent the increases in runoff generated by construction of Fountaingate I subdivision to not cause flooding of Plaintiffs' property.
>
> . . .
>
> WHEREAS: Plaintiffs pray that this Court will rule as follows:
>
> 1. That Defendant Hill has created a temporary continuing nuisance in the development and construction of Fountaingate I subdivision which has damaged Plaintiffs' property and interfered with their use and enjoyment of their property,
>
> 2. That Hill was negligent and grossly negligent and reckless in the construction of Fountaingate I subdivision thereby causing injury to Plaintiffs' property and interfering with their use and enjoyment of their property, . . . .

Based upon the above-quoted allegations, we have no difficulty finding that the instant action is an "action[] to

12

recover damages for any deficiency in the design, planning, supervision, observation of construction, or construction of an improvement to real property." Tenn. Code Ann. § 28-3-202. At the heart of the plaintiffs' nuisance claim lies the allegation that the drainage system is deficient. Interestingly, the plaintiffs have maintained that the facts supporting their nuisance claim also support a negligence claim. Therefore, the plaintiffs' nuisance claim is barred by the four-year statute of repose.

As a final matter, we find that the "fraud exception" to the four-year statute of repose, Tenn. Code Ann. § 28-3-205 (1980), does not save the plaintiffs' nuisance claim. Section 28-3-205 can prevent § 28-3-202 from applying to a cause of action, if the defendant is "guilty of fraud in performing or furnishing the design, planning, supervision, observation of construction, construction of, or land surveying, in connection with such an improvement," or if the defendant "shall wrongfully conceal any such cause of action."

Although Hill may not have disclosed the fact that the property is subject to periodic heavy flooding, the plaintiffs do not, and cannot, argue that Hill concealed the cause of action for nuisance. As a matter of fact, this alleged nuisance was apparent, and the plaintiffs were aware of it within weeks of purchasing the property. Further, in order to trigger Tenn. Code Ann. § 28-3-205 under the theory of fraud, the plaintiffs must allege fraud <u>in connection with the design or construction of an improvement</u>. However, the plaintiffs have not alleged fraud in connection with

13

the drainage system; rather, their allegations of fraud concern whether the defendant withheld information about the property's tendency to flood.  Consequently, Tenn. Code Ann. § 28-3-205 does not prevent application of the statute of repose to the nuisance claim.  It is, therefore, untimely.

In sum, we hold that under the circumstances of this case, summary judgment is appropriate for the claim of fraudulent concealment against Hill, because Hill demonstrated that the plaintiffs will be unable to prove the essential element of knowledge.  We hold also that summary judgment is appropriate for the nuisance claim against Hill and Hill Home Development, because as a matter of law the four-year statute of repose, Tenn. Code Ann. § 28-3-202, bars that claim.

Accordingly, the judgment of the Court of Appeals is reversed.

_____
ADOLPHO A. BIRCH, JR., Justice

CONCUR:

Anderson, C.J.
Drowota, Reid, Holder, JJ.

14