Charles HONEYCUTT, Plaintiff,

v.

**FIRST FEDERAL BANK, a FSB d/b/a First Federal Mortgage, Defendant.**

No. 02–2710 M1/V.

United States District Court,
W.D. Tennessee,
Western Division.

Aug. 20, 2003.

Charles M. Weirich, Jr., Peel & Weirich, Memphis, for Charles L. Honeycutt, plaintiff.

Charles C. Harrell, Esq., Elizabeth E. Chance, Esq., Butler Snow O'Mara Stevens & Canada, PLLC, Memphis, for First Federal Bank, a FSB dba First Federal Mortgage, defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

McCALLA, District Judge.

This case is before the Court on Defendant's Motion for Summary Judgment, filed May 29, 2003. Plaintiff responded in opposition on July 1, 2003. For the following reasons, the Court GRANTS the Defendant's motion.

## I. BACKGROUND

This case concerns a "pre-approval letter" for a mortgage that Defendant First Federal Bank issued to Ms. Barbara Grantham. Ms. Grantham provided the pre-approval letter to Plaintiff Charles Honeycutt in connection with the anticipated sale of his home to Ms. Grantham. The parties do not dispute the salient facts of this case.

On April 12, 2000, Ms. Grantham applied for approval of a mortgage loan with Defendant First Federal Bank. As part of the application process, Ms. Grantham provided information about her financial condition to First Federal Bank. Ms. Grantham listed a loan from Bank One as a liability on the application, next to which the words "to be paid off" are written. Defendant issued a mortgage loan pre-approval letter to Ms. Grantham. The May 5, 2000 pre-approval letter states in pertinent part: "Congratulations! You have been pre-approved for a sales price of $210,000 subject to the following: (1) Sales Contract (2) Satisfactory appraisal for $210,000 (3) Final underwriting review and approval".[1]

In February or March of the year 2000, Plaintiff sought to sell his home in Cordova, Tennessee. Plaintiff and Ms. Grantham executed a contract for the sale of his home on June 11, 2000 in the amount of $210,000. The closing of the sale was scheduled for July 14, 2000. Prior to the closing, Defendant's underwriting department advised Ms. Grantham that she needed to pay off the loan from Bank One before she could obtain the mortgage loan for which she had applied. On July 12, 2000, Ms. Grantham's real estate agent informed Jennifer Honeycutt that the sale of the house would not close on the scheduled date because Ms. Grantham needed to pay off a loan from Bank One in order to qualify for the mortgage loan.

---

1. Defendant also issued a nearly identical pre-approval letter on April 18, 2000 in the amount of $205,000. However, Jennifer Honeycutt, Plaintiff's wife and his real estate agent in the transaction, testified in her deposition that she relied only on the May 5, 2000 letter. (J. Honeycutt Dep. at 73.) Therefore, the Court will only refer to the May 5, 2000 pre-approval letter in this Order.

Thereafter, Ms. Grantham withdrew her loan application with First Federal Bank and attempted to secure a loan from People's Bank. Ms. Grantham did not receive a mortgage loan from People's Bank and the sale of Plaintiff's home to Ms. Grantham never occurred.

Plaintiff asserts that Defendant's pre-approval letter improperly failed to indicate that the mortgage loan approval was contingent upon Ms. Grantham paying off a car loan to Bank One. Plaintiff contends that he relied on the pre-approval letter, which induced him to enter into a contract to sell his home to Ms. Grantham and to sign a contract to purchase real property in Nashville. Plaintiff claims he has suffered various losses in connection with the failed sale of his home to Ms. Grantham. Plaintiff asserts claims for violation of the Tennessee Consumer Protection Act, intentional or reckless misrepresentation, misrepresentation by concealment, negligent misrepresentation, and negligence. Plaintiff also requests punitive damages. Defendant has moved for summary judgment as to each count in the Complaint.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if . . . there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The Supreme Court has explained that the standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1989).

So long as the movant has met its initial burden of "demonstrat[ing] the absence of a genuine issue of material fact," *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548, and the nonmoving party is unable to make such a showing, summary judgment is appropriate. *Emmons v. McLaughlin*, 874 F.2d 351, 353 (6th Cir.1989). In considering a motion for summary judgment, "the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." *Kochins v. Linden–Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir.1986); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

## III. ANALYSIS

Defendant First Federal Bank has moved for summary judgment as to each claim in Plaintiff's Complaint. The Court will address each claim individually below.

### A. Tennessee Consumer Protection Act

The Tennessee Consumer Protection Act makes the following deceptive acts or practices unlawful:

> Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation or connection that such person does not have.

Tenn.Code Ann. § 47–18–104(b)(5).

Defendant moves for summary judgment as to Plaintiff's Tennessee Consumer Protection Act claim on two grounds. Defendant argues, first, that it did not represent that Plaintiff had "approval" or "status" that she did not have. Defendant maintains that the pre-approval letter issued to Ms. Grantham was "neither a mis-

representation nor misleading; it contained true and appropriate conditions for final approval." (Def.'s Mem. of Law in Supp. of Mot. for Summ. J. at 16.) Defendant believes that Plaintiff's allegedly erroneous interpretation of the pre-approval letter is his own fault and does not create liability for First Federal Bank under the Tennessee Consumer Protection Act. Defendant also argues that Plaintiff is not a "consumer" within the meaning of Tenn. Code Ann. § 47–18–103(2).

 Plaintiff contends that the mortgage loan pre-approval letter clearly misrepresented that Ms. Grantham had "approval" or "status" with Defendant that she did not have because the letters failed to disclose that Ms. Grantham would be required to pay off her loan with Bank One before she could qualify for the mortgage loan with First Federal Bank.

The language of the pre-approval letter is clear. It states that the mortgage loan is "subject to" "[f]inal underwriting review and approval". This is a true statement of the conditions for Ms. Grantham to obtain the loan. (Thompson Dep. at 25.) Any reasonable person reading the letter would have known that Ms. Grantham had not yet been approved for the mortgage loan and would rely on the pre-approval letter only at their own risk. The pre-approval letter can not be interpreted as a guaranty that Ms. Grantham would ultimately meet all of the criteria for the mortgage loan. The fact that the pre-approval letter did not include all of the conditions to achieving underwriting approval prior to the issuance of a mortgage loan is not material to this claim because Defendant did not represent that Ms. Grantham had been approved for a mortgage or that it had entered into a contract with her for a mortgage loan.[2] The pre-approval letter is not deceptive in any way. The Court GRANTS summary judgment to Defendant as to the Tennessee Consumer Protection Act claim.

**B. Intentional or Reckless Misrepresentation**

 An action for intentional or reckless misrepresentation contains four elements: (1) an intentional misrepresentation of material fact, (2) knowledge of the representation's falsity, (3) an injury caused by reasonable reliance on the representation, and (4) the misrepresentation involves a past or existing fact. *Spectra Plastics, Inc. v. Nashoba Bank,* 15 S.W.3d 832, 840–841 (Tenn.Ct.App.1999).

Defendant argues that it has not made a misrepresentation with regard to any material fact or a misrepresentation relating to an existing or past fact. Defendant maintains that it accurately set forth the conditions preceding final approval of Ms.

---

2. Although not precisely on point, the Court directs the parties to the unpublished decision of *Arsenault v. PNC Mortgage Corp.,* 32 Fed. Appx. 739 (6th Cir.2002). In *Arsenault,* the Sixth Circuit upheld a district court's decision to grant summary judgment on breach of contract, fraudulent misrepresentation, and Kentucky Consumer Protection Act claims in favor of a mortgage lender that had sent a solicitation letter to the plaintiffs informing them that they had been pre-approved to refinance their mortgage. Discussing Kentucky law, the court found that the mortgage lender could not have breached a contract by failing to allow the plaintiffs to refinance their mortgage at the rate stated on the solicitation letter because it "cannot be interpreted as extending a firm offer that contained the essential and material terms of the proposed refinancing." *Id.* at 743. Similarly here, the pre-approval letter did not create a contract for a mortgage loan between Defendant and Ms. Grantham. Although Plaintiff seems to argue that the pre-approval letter represented the completion of the mortgage loan transaction, but for dotting the i's and crossing the t's, this is plainly not the case.

Grantham's mortgage loan, which she ultimately did not satisfy.

◼ For the reasons already discussed above, the Court finds that the pre-approval letter did not contain a misrepresentation. Furthermore, any reliance or assumption by Plaintiff that the pre-approval letter in any way assured the completion of the mortgage loan was not justified. The Court GRANTS summary judgment to Defendant as to the claim for intentional or reckless misrepresentation.

### C. Misrepresentation by Concealment

◼ "The tort of fraudulent concealment is committed when a party who has a duty to disclose a known fact or condition fails to do so, and another party reasonably relies upon the resulting misrepresentation, thereby suffering injury." *Chrisman v. Hill Home Dev., Inc.*, 978 S.W.2d 535, 538–539 (Tenn.1998). In Tennessee, a duty to disclose arises in three circumstances: (1) there is a previous definite fiduciary relation between the parties; (2) it appears that one or each of the parties to the contract expressly reposes a trust and confidence in the other; (3) the contract or transaction is intrinsically fiduciary and calls for perfect good faith. *French v. First Union Sec., Inc.*, 209 F.Supp.2d 818, 824–825 (M.D.Tenn.2002); *Macon County Livestock Mkt. v. Ky. State Bank*, 724 S.W.2d 343, 349 (Tenn.App.1986). Examples of relationships that are intrinsically fiduciary include an investor and his or her stock broker or a real estate broker and his or her client. *French*, 209 F.Supp.2d at 825.

Defendant argues that it did not owe a fiduciary duty to Plaintiff because he was not a party to the loan transaction between First Federal Bank and Ms. Grantham. In fact, Defendant maintains that it did not even owe a fiduciary duty to Ms. Grant-

ham. Therefore, Defendant asserts it can not have committed misrepresentation by concealment.

◼ The Court agrees. Under Tennessee law, Defendant did not stand in a fiduciary relationship to Plaintiff. They had no previous fiduciary relationship, nor were they parties to a contract. Further, the transaction in question was not inherently fiduciary in nature and did not require perfect good faith. The Court GRANTS summary judgment to Defendant on the misrepresentation by concealment claim.

### D. Negligent Misrepresentation

◼ Liability for negligent misrepresentation "will result, despite the lack of contractual privity between the plaintiff and defendant, when, (1) the defendant is acting in the course of his business, profession, or employment, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies faulty information meant to guide others in their business transactions; (3) the defendant fails to exercise reasonable care in obtaining or communicating the information; and (4) the plaintiff justifiably relies upon the information." *Robinson v. Omer*, 952 S.W.2d 423, 427 (Tenn.1997).

◼ Defendant asserts that the information in the pre-approval letters was true and Ms. Grantham would have obtained the loan if she had satisfied the condition established by the underwriting staff. For the reasons stated above, the Court finds that the information in the pre-approval letter was not faulty. The Court GRANTS summary judgment to Defendant as to the claim for negligent misrepresentation.

### E. Negligence

◼ A claim of negligence contains the following elements: (1) a duty of care

owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the applicable standard of care that amounts to a breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) proximate, or legal, causation. *Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 90 (Tenn. 2000).

As to Plaintiff's claim of negligence, Defendant argues that Plaintiff can not satisfy any of the elements of the claim. Defendant maintains it did not owe a duty to Plaintiff to set forth all specific terms and conditions between First Federal Bank and Ms. Grantham in the pre-approval letter. Therefore, it also can not have breached a duty to Plaintiff. Defendant further argues that Plaintiff can not establish causation based on his reliance on the pre-approval letters. Ms. Grantham could have obtained a loan from First Federal Bank if she had paid off her loan to Bank One. She also may have been able to obtain a loan with First Federal Bank on different terms if she had not withdrawn her application, or she could have obtained a loan from another source. Ms. Grantham stated in her deposition that she did not do so because the interests rates were not agreeable to her. Therefore, Defendant asserts that Ms. Grantham's decision not to obtain a loan is the actual cause of Plaintiff's damages rather than the issuance of the pre-approval letter.

In response, Plaintiff essentially reiterates its earlier arguments opposing summary judgment. Plaintiff argues that Defendant failed to use reasonable care when it issued the pre-approval letter to Ms. Grantham because it omitted material information regarding the requirement that she pay off the Bank One loan.

▉ Regardless of whether First Federal Bank owed any duty to Plaintiff in this case, which the Court has already found it did not, Defendant could not have breached such a duty because it accurately represented the status of its dealings with Ms. Grantham. Furthermore, the final decision to pay off the Bank One loan rested with Ms. Grantham. Rather than pay off the loan, she opted to withdraw her mortgage loan application with First Federal Bank. She also failed to obtain a loan from People's Bank. Ms. Grantham's failure to take the steps necessary to obtain a mortgage loan was the reason the sale of Plaintiff's home failed to close. The Court fails to see how the language of the pre-approval letter could constitute either the but-for or proximate cause of Plaintiff's alleged losses. Therefore, the Court GRANTS summary judgment to Defendant as to the claim of negligence.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion for Summary Judgment as to all claims.