IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
October 10, 2007 Session

**SELMA P. GRIFFIN**
v.
**MUNFORD DEVELOPMENT COMPANY AND CHARLES WALKER**

**An Appeal from the Circuit Court for Tipton County**
**No. 6075     Joe H. Walker, Judge**

_____

**No. W2007-00812-COA-R3-CV - Filed March 6, 2008**

_____

This case involves the statute of repose for actions based on improvements to real property. The defendant developer purchased and developed a lot for sale as part of a residential development. The plaintiff purchased the lot by warranty deed. The developer represented to the plaintiff that the lot was suitable for the construction of a residential dwelling. Relying on this representation, the plaintiff purchased the lot and built a house on it. Two years after the purchase, the house began to develop cracks in the foundation and exterior walls. Over the next two years, the problems worsened, so the plaintiff obtained an evaluation by professional engineers. The engineers informed the plaintiff that the house's structural problems may have arisen because the soil on which the house was built was unsuitable to support such construction. The plaintiff then sued the development company and its president, claiming fraudulent misrepresentation, breach of implied warranty, and breach of express warranty. The defendants moved for summary judgment, asserting that the four-year statute of repose on claims involving improvements to real property barred the plaintiff's action. The plaintiff argued that the statute of repose was not applicable because her claims were based on misrepresentation. The trial court granted the defendants' motion, and the plaintiff appeals. We affirm, finding that the plaintiff failed to introduce evidence that any of the defendants had knowledge that the soil conditions were unsuitable to support a residential dwelling at the time the alleged misrepresentations were made.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J. W.S., and DAVID R. FARMER., J., joined.

J. Thomas Caldwell, Ripley Tennessee, for the appellant, Selma P. Griffin

Pam Warnock Green, Memphis, Tennessee, for the appellees, Munford Development Company and Charles Walker

**OPINION**

Defendant/Appellee Munford Development Company ("Munford Development") engages in the purchase of real estate that is then developed by others for residential and/or commercial purposes. Defendant/Appellee Charles Walker ("Walker") is the president of Munford Development and has served in this capacity since 1974. Walker and Munford Development will be referred to collectively as the "Defendants."

Munford Development owned a tract of land in Atoka, Tipton County, Tennessee, which included a group of lots called Blaydes Estates. Lot 414 was one of the lots located in this group. After Munford Development purchased the tract, it apparently engaged Charles Walker Enterprises, Walker's sole proprietorship, to clear, grade, and fill Lot 414 in preparation for sale. On June 5, 2001, Munford Development sold Lot 414 to Plaintiff/Appellant Selma Griffin ("Griffin") for a purchase price of $15,000.

At some point after she purchased the lot, Griffin entered into a verbal agreement with her daughter-in-law's father, W.C. Mabry, to construct a house on Lot 414. Mabry built the home for Griffin, at a total cost of approximately $160,000. Griffin moved into the home soon after its construction.

On approximately June 1, 2003, Griffin began to observe cracks and defects in the foundation, walls, and floors of the house. The cracks gradually became worse, so in 2005, Griffin contacted Dexter Varnell ("Varnell"), a licensed engineer. On April 5, 2005, Varnell performed a structural inspection of the house. He observed several cracks in the house's foundation, as well as cracks in the walls and binding doors inside the house. After he completed his inspection, Varnell told Griffin that the cracks were likely caused by "poor soil conditions" around Griffin's house. He recommended that Griffin have soil borings performed, in order to determine the cause of the house's structural problems.

Griffin took Varnell's advice and hired Ashraf Elsayad ("Elsayad"), the chief engineer for an engineering company with offices in Memphis and Nashville, to do test borings on the soil. In July 2005, Elsayad performed four borings around the perimeter of the house and gave Griffin a report of his findings. Elsayad's report said that three of the four borings indicated suitable soil conditions. The fourth boring, however, indicated "soft to marginal soil conditions."

On October 3, 2005, Griffin filed this lawsuit against Walker and Munford Development in the Circuit Court of Tipton County. In her complaint, Griffin alleged that she purchased the lot from the Defendants by a warranty deed that represented that the lot was free of defects, liens, and encumbrances. She asserted that the Defendants made written and verbal statements to her indicating that Lot 414 was suitable for construction of a residential dwelling, but that the Defendants, in preparing Lot 414 for sale, concealed the defective condition of the soil on the lot. Griffin alleged that she purchased the lot in reliance on the Defendants' statements and without knowledge of the defective condition of the soil. In light of the house's structural problems as

-2-

identified by Varnell and Elsayad, Griffin asserted that the Defendants' statements were willful misrepresentations. In the alternative, Griffin alleged that the Defendants had breached an implied warranty that Lot 414 was suitable for the purposes for which it was purchased, *i.e.*, the construction of a residential dwelling. Also in the alternative, Griffin asserted that the Defendants breached an express warranty to the same effect. She sought damages, "actual and punitive," in the amount of $300,000.

Munford Development and Walker filed an answer to Griffin's complaint, in which they admitted representing to Griffin that the soil on Lot 414 was suitable for construction of a residential dwelling. Among the defenses that they asserted was that Griffin's claim was time-barred. After a brief period of discovery, the Defendants filed a motion for summary judgment, a statement of undisputed facts, and a memorandum in support of their motion. In their statement of undisputed facts, the Defendants noted that Munford Development sold Lot 414 to Griffin on June 5, 2001; that Griffin began seeing cracks and other defects in the walls, floors, and foundation of her house in 2003; and that Griffin's complaint was not filed until October 3, 2005. In light of these facts, the Defendants argued that the four-year statute of repose, set forth in Tennessee Code Annotated § 28-3-202, barred Griffin's action.[1]

In Griffin's response to the Defendants' motion for summary judgment, she argued that because the Defendants had engaged in fraud, Tennessee Code Annotated § 28-3-205 precluded them from relying on section 28-3-202.[2] In support of her response to the Defendants' motion, she filed her own affidavit, as well as letters and reports from Varnell and Elsayad, in which they opined that the soil on Lot 414 was unsuitable for construction of a residential dwelling. In her affidavit, Griffin stated that an agent of the Defendants led her to believe that the soil was suitable for building purposes, and that she purchased Lot 414 based on its appearance and the Defendants'

---

[1]Tennessee Code Annotated § 28-3-202 states:

> All actions to recover damages for any deficiency in the design, planning, supervision, observation of construction, or construction of an improvement to real property, for injury to property, real or personal, arising out of any such deficiency, or for injury to the person or for wrongful death arising out of any such deficiency, shall be brought against any person performing or furnishing the design, planning, supervision, observation of construction of, or land surveying in connection with, such an improvement within four (4) years after substantial completion of such an improvement.

T.C.A. § 28-3-202 (2000).

[2]Tennessee Code Annotated § 28-3-205 states:

> The limitation hereby provided shall not be available as a defense to any person *who shall have been guilty of fraud* in performing or furnishing the design, planning, supervision, observation of construction, construction of, or land surveying, in connection with such an improvement, or to any person who shall wrongfully conceal any such cause of action.

T.C.A. § 28-3-205(b) (2000) (emphasis added).

misrepresentations.  Griffin filed no other affidavits or evidence in response to the Defendants' motion.

In reply to Griffin's response to their summary judgment motion, the Defendants filed a supplement to their statement of undisputed facts, a supplement to the memorandum in support of their motion, an affidavit from Defendant Walker, and an affidavit from Dewey Rice ("Rice"), an employee of Charles Walker Enterprises who was present during the clearing, grading, and filling of Lot 414.  In his own affidavit, Defendant Walker acknowledged that his sole proprietorship, Charles Walker Enterprises, performed the clearing, grading, and filling of Lot 414, and asserted that he had no knowledge of unsuitable soil conditions.  Rice's affidavit stated that he was an employee of Charles Walker Enterprises, and that he was present during the clearing, grading, and filling of Lot 414.  Like Walker, Rice asserted that he had no knowledge of unsuitable soil conditions.

In their supplemental memorandum, the Defendants argued that Griffin had set forth no facts indicating that either Munford Development or Walker had any knowledge of unsuitable soil conditions.  They argued that Griffin would therefore be unable to show an essential element of fraud: the Defendants' knowledge that the soil was unsuitable for construction of a residential dwelling.  Accordingly, the Defendants argued, Griffin would not be able to establish the exception to the four-year statute of repose for defendants who have engaged in fraud.

In an order dated March 19, 2007, the trial court granted the Defendants' motion for summary judgment.  The trial court found that Lot 414 was cleared, graded, and filled in preparation for sale, and that such preparation constituted an "improvement to real property," making the four-year statute of repose in section 28-3-202 applicable to Griffin's cause of action.  The trial court noted that Griffin purchased Lot 414 on June 5, 2001, and filed her lawsuit more than four years later, on October 3, 2005.  The trial court also noted that section 28-3-205 precludes a defendant from asserting the repose period as a defense if the defendant is guilty of fraud, but found that Griffin had failed to submit evidence that the Defendants knowingly concealed information about the problems with Lot 414's soil.  The trial court therefore reasoned that Griffin failed to establish an essential element of her fraud claim.  Accordingly, the trial court found that section 28-3-202 barred Griffin's action.  Griffin now appeals the trial court's grant of summary judgment in favor of the Defendants.

On appeal, Griffin argues that the trial court erred in finding that her claim was barred by the four-year statute of repose.

A motion for summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Tenn. R. Civ. P. 56.04.  The moving party has the initial burden of establishing the absence of a genuine issue as to any material fact. *McCarley v. West Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998) (citing *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn. 1993)).  The moving party must also "either affirmatively negate an essential element of the non-movant's claim or conclusively establish an affirmative defense." *Id.* (citing *Byrd*, 847 S.W.2d at 215 n.5)).  If the moving party

negates an essential element of the claim or establishes an affirmative defense, the non-moving party must, to avoid losing on summary judgment, submit evidence sufficient to "establish the existence of the essential elements of the claim." *Id.*

At the outset, we address whether the repose period found in Tennessee Code Annotated § 28-3-202 applies in this case. In her complaint, Griffin seeks monetary damages for injuries allegedly caused by the soil on which the house was built. The condition of the soil, she alleges, was the result of the "grading, filling, and leveling" on Lot 414 done by either the Defendants or the Defendants' agents. This Court has considered a case involving almost identical allegations, and, coincidentally, the same Defendants as in this appeal: Munford Development Company and Charles Walker. In *Watkins v. Tankersley Constr., Inc.*, No. W2004-00869-COA-R3-CV, 2005 WL 1541869, at *5 (Tenn. Ct. App. June 29, 2005), defendant Munford Development purchased a residential lot in Munford, Tennessee. Defendant Charles Walker was president of Munford Development, and at that time also owned his sole proprietorship, Charles Walker Enterprises. As in this case, Walker's development company, Munford Development, paid Walker's sole proprietorship, Charles Walker Enterprises, to do bulldozer and elevation and filling work on the lot to make it suitable to support the construction of a house. *Id.* at *1. As in this case, the lot was owned by Munford, not by Walker individually. Munford Development sold the lot to defendant Tankersley Construction, which built a house on it and sold it to individuals who in turn sold it to plaintiff Watkins. *Id.*

As in this case, the plaintiff began to notice cracks and other indications of structural damage from abnormal settlement. After obtaining a professional inspection, the plaintiff Watkins learned that the soil on which the house was built had been improperly prepared by filling the site with biodegradable materials such as tree stumps and roots. When these inevitably began to decay, the house settled unevenly, resulting in structural damage to the house. *Id.* Consequently, in 2000, plaintiff Watkins filed a lawsuit against defendants Munford Development, Charles Walker, and the purchaser of the lot, Tankersley Construction.[3] *Id.* at *2.

In *Watkins*, as in this case, defendants Walker and Munford Development asserted the four-year statute of repose as a defense, and the trial court granted summary judgment in their favor on that basis. Watkins appealed, and on appeal, we considered the applicability of the statute of repose. We noted that the removal of trees and the filling and grading of the lot was "intended to enhance the utility of the property" and "necessary to ready the land for construction," and was therefore an "improvement" to the real property within the meaning of the statute of repose. *Id.* at *5.

In *Watkins*, we commented:

> Clearly, application of the four-year statute of repose in this case results in a disquieting outcome, since the . . . damage to the house would not be discoverable

---

[3] In the case at bar, Munford Development sold the lot in question to plaintiff Griffin in 2001, after Munford Development had been sued by plaintiff Watkins.

until the four-year time limitation had run, leaving [the plaintiff] with no recourse against any negligent party. Nevertheless, where the statute is clear, we must apply it as written, even if the result is harsh.

*Id.* In a footnote, we observed: "This situation is likely to recur and should be addressed by our Legislature." *Id.* at *5 n.6. Apparently the situation did recur, indeed, with the very same defendants.

Recognizing the applicability of the four-year statute of repose in Tennessee Code Annotated § 28-3-202, Griffin raises an issue in this case that was not presented in *Watkins*: whether Defendants Walker and Munford Development perpetrated a fraud within the meaning of Tennessee Code Annotated § 28-3-205. If so, this would prevent the Defendants from interposing the four-year statute of repose as a defense to Griffin's action. Section 28-3-205 precludes the assertion of the statute of repose by defendants "who shall have been guilty of fraud in . . . connection with . . . an improvement" to real property, or who "wrongfully concealed" a cause of action. T.C.A. § 28-3-205(b) (2000). Generally, to prove fraud, the plaintiff must present evidence of a misrepresentation of a material fact, made knowingly or without regard to its truth or falsity. *Tartera v. Palumbo*, 453 S.W.2d 780, 782 (Tenn. 1970); *Spectra Plastics, Inc. v. Nashoba Bank*, 15 S.W.3d 832, 840-41 (Tenn. Ct. App. 1999); *Stacks v. Saunders*, 812 S.W.2d 587, 592 (Tenn. Ct. App. 1990).

This Court discussed section 28-3-205(b) in *Jenkins v. Brown*, No. M2005-02022-COA-R3-CV, 2007 WL 4372166 (Tenn. Ct. App. Dec. 14, 2007). In *Jenkins*, the property in question had been used to discard debris and trash, such as tree branches, construction materials and bed springs, making much of it unsuitable to support construction. The defendant Wright knew that the area had been the subject of debris dumping, but the developer who sold the lot to Wright apparently told Wright that the portion of the lot on which the house would be built did not contain fill materials and was suitable to support such construction. *Jenkins*, 2007 WL 4372166, at *1. Wright constructed a house on the lot and sold it. The house developed numerous problems related to abnormal settling, and Wright told the purchasers that the house had been constructed on "original dirt." He did not tell the purchasers that portions of the lot contained fill material. *Id.* at *10-11. The purchasers ultimately sold the house to the plaintiffs, and after further problems appeared, the plaintiffs filed a lawsuit naming Wright as one of the defendants. Wright asserted the four-year statute of repose in section 28-3-202, and the plaintiff alleged that Wright could not rely on the statute of repose because he had engaged in fraud under section 28-3-205(b). *Compare* T.C.A. § 28-3-202 (2000) *with* T.C.A. § 28-3-205(b) (2000). After a jury trial, the jury concluded that Wright had engaged in fraud, defined as "intentional or reckless misrepresentation or misrepresentation by concealment," and the trial court therefore held that Wright could not assert the statute of repose as a defense. *Jenkins*, 2007 WL 4372166, at *11.

Wright appealed, arguing that the evidence was insufficient to support the jury's conclusion that he was guilty of fraud in connection with the construction of the house. *Id.* The appellate court noted that the plaintiffs argued that Wright had fraudulently concealed from the original purchasers the fact that the house had been constructed on improperly compacted fill material, and that the

abnormal settling problems were a result of poorly compacted fill under the house.[4] ***Id.*** The evidence showed that Wright was aware that portions of the lot had compacted fill and that Wright had moved the original location of the house after uncovering fill material. ***Id.*** It showed that, when the original purchasers complained to Wright about abnormal settling problems, he assured them that there were no serious problems with the house and that it had been constructed on "original dirt." ***Id.*** The appellate court found that this was sufficient evidence of fraud within the meaning of section 28-3-205(b), and affirmed the trial court's holding that Wright was not entitled to assert the four-year statute of repose as a defense. ***Id.*** at \*12; ***cf. Mulhern v. Pulte Homes***, No. W2004-01488-COA-R3-CV, 2004 WL 3021109, at \*4 (Tenn. Ct. App. Dec. 28, 2004) (finding no proof of intentional fraud or concealment in the record).

In the case at bar, in support of their motion for summary judgment, Defendants Walker and Munford Development presented evidence, in the form of affidavits from Walker and Rice, asserting that they had no knowledge of unsuitable soil conditions on Lot 414. These affidavits were made on personal knowledge and indicated that each affiant was competent to testify to the facts set forth. Accordingly, the Defendants properly supported their summary judgment motion. ***See*** Tenn. R. Civ. P. 56.06.

Once a moving party properly supports its motion for summary judgment, "the burden shifts to the non-moving party to 'set forth specific facts establishing the existence of disputed, material facts . . . .'" ***Chrisman v. Hill Home Dev., Inc.***, 978 S.W.2d 535, 539 (Tenn. 1998) (quoting ***Bain v. Wells***, 936 S.W.2d 618, 622 (Tenn. 1997)). The non-moving party can carry this burden by: "(1) pointing to evidence in the record which was overlooked or ignored by the moving party; (2) rehabilitating challenged evidence; (3) producing additional evidence; or (4) submitting an affidavit requesting additional time for discovery." ***Id.*** (citing ***McCarley v. West Quality Food Serv.***, 960 S.W.2d 585, 588 (Tenn. 1998)).

In Griffin's response to the Defendants' motion for summary judgment, on the issue of the Defendants' knowledge, Griffin did not point to overlooked evidence, produce additional evidence, or request additional time for discovery. We have only Griffin's evidence of the unsuitable soil conditions and her bare assertions regarding the Defendants' knowledge and intent. Under these circumstances, we must find that Griffin failed to carry her burden to articulate specific facts showing that Defendants Walker and Munford Development had sufficient knowledge to support a finding by the trier of fact that their alleged misrepresentation about the suitability of the soil for construction was either intentional or reckless. Accordingly, Griffin cannot rely on Tennessee Code Annotated § 28-3-205(b), and the trial court properly concluded that the four-year statute of repose is applicable to Griffin's cause of action.

---

[4] The appellate court noted that the fraudulent misrepresentation under section 28-3-205(b) necessary to prevent a defendant from invoking the four-year statute of repose "need not be made directly to the plaintiff." ***Jenkins***, 2007 WL 4372166, at \*12.

As in *Watkins v. Tankersley*, and indeed especially in light of the fact that *Watkins* involved very similar claims against the same defendants, we must reach the "disquieting" conclusion that the four-year statute of repose bars the plaintiff's claim.[5] Therefore, the trial court did not err in its grant of summary judgment.

The decision of the trial court is affirmed. Costs on appeal are taxed to the Appellant, Selma P. Griffin, for which execution may issue if necessary.

_____
HOLLY M. KIRBY, JUDGE

---

[5] As we did in *Watkins v. Tankersley,* we suggest that the rationale of having such a short statute of repose in cases such as this should be reconsidered by our General Assembly.