IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 12, 2005 Session

## CURTIS MEREDITH v. CRUTCHFIELD SURVEYS, ET AL.

**Appeal from the Circuit Court for Campbell County**
**No. 12456      John D. McAfee, Judge**

------

**No. E2004-02460-COA-R3-CV  - FILED JULY 28, 2005**

------

Curtis Meredith sued Crutchfield Surveys and Jerry Crutchfield for damages allegedly sustained by the plaintiff as a result of incorrect surveys prepared by the defendants. The trial court dismissed the plaintiff's suit. He appeals, asserting that the trial court erred in dismissing his complaint. We hold that the plaintiff's suit was not filed within the time specified in the applicable statute of repose and that the plaintiff's generally-worded charge of fraud fails to satisfy the requirements of Tenn. R. Civ. P. 9.02. Accordingly, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and SHARON G. LEE, J., joined.

Curtis Meredith, LaFollette, Tennessee, appellant, pro se.

R. Loy Waldrop, Jr. and Kristi M. Bennett, Knoxville, Tennessee, for the appellees, Crutchfield Surveys and Jerry Crutchfield.

### OPINION

I.

In 1993, the plaintiff retained the services of Jerry Crutchfield, a Tennessee-licensed surveyor, to survey his[1] property in Campbell County. The plaintiff wanted the survey in connection with a dispute he had with his neighbors, the Spanglers, as to the location of their common property line. As requested, Crutchfield surveyed the plaintiff's property and thereafter furnished the plaintiff the survey, which survey was dated August 17, 1993.

------

[1]The property is actually titled in the joint names of the plaintiff and his wife.

In a lawsuit brought by the Spanglers against the plaintiff and his wife in the Campbell County Chancery Court, the Crutchfield survey of August 17, 1993, was introduced into evidence at a hearing on July 10, 2000, before Chancellor Billy Joe White. By judgment entered September 13, 2000, the chancellor found that the Crutchfield survey was "accurate." The court went on to find that the area in dispute – 0.026 acres – "is owned by [the] Spangler[s]." The judgment of the chancery court was not appealed from and, with the passage of time, became final.

II.

On June 18, 2004, the plaintiff sued Crutchfield Surveys and Jerry Crutchfield, individually, for fraud and malpractice. Much of his pro se pleading pertains to his earlier litigation with the Spanglers. As to the defendants in the instant case, the plaintiff made the following statements in his pleading:

> Jerry [Crutchfield] set up a fraudulent survey to give my land to Jeroline Spangler.

> \* \* \*

> I want to file a lawsuit against Jerry Crutchfield for $150,000.00 for setting up a fraudulent survey to give my land to the Spanglers. I hired him to survey my land [and] paid him $525.00 when I got the map. He had Albert Spangler and Curtis Meredith on the survey map. Albert and Jeroline Spangler had their land surveyed out in June 1993. Why would Jerry have Albert Spanglers [sic] name on my surveying map? He set up a fraudulent survey to give the Spanglers my land. He is a licensed surveyor. Why didn't he go to the Courthouse and get records where the property joins like he should.

> I want to file a lawsuit for $150,000.00 against Crutchfield Surveying Company for not doing their job. They allowed Jerry Crutchfield to set up a fraudulent survey against Curtis B. Meredith on February 19, 2001. The Crutchfield Company set [sic] another crew of men out to survey this out. Again they surveyed it out the same way that Jerry Crutchfield surveyed it[,] [i]nstead of the Crutchfield Company going to the Courthouse to check on where the property line was to make sure that Jerry was right. They surveyed it out the same way that Jerry Crutchfield did. Jerry Crutchfield and Crutchfield Company have cost me a lot of money and worries especially about my wife being sick. The Spanglers had me put in jail for stalking. I did not do it. I have went through a lot of trouble on account of Jerry Crutchfield surveying.

The defendants filed a response to Meredith's filings. Their response is entitled "Motion to Dismiss, or, in the Alternative, for Summary Judgment." They claim in their motion that the plaintiff's claim is barred "by the applicable statute of limitation[s] and repose" and by the doctrine of res judicata. They also assert that the claim should be dismissed pursuant to Tenn. R. Civ. P. 12.02(6) because, in their judgment, it fails to state a claim upon which relief can be granted.

Following a hearing on September 3, 2004, the trial court, by order entered September 9, 2004, dismissed the plaintiff's complaint with prejudice. The court based its dismissal on the grounds of the statute of repose, res judicata, and Tenn. R. Civ. P. 12.02(6).

III.

The plaintiff's pleading states that Mr. Crutchfield prepared a "fraudulent" survey "to give [the plaintiff's] land to Jeroline Spangler." The complaint does not state with particularity the circumstances of the alleged fraud. Tenn. R. Civ. P. 9.02 clearly states that "[i]n all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity."

While the trial court in its judgment did not take note of the plaintiff's general fraud allegation, its judgment dismissing the plaintiff's complaint *in its entirety* obviously had the effect of dismissing the plaintiff's general charge of fraud along with his claims pertaining to malpractice. Since the fraud charge was not alleged with sufficient specificity, it was subject to dismissal. Accordingly, we find no error in the trial court's judgment, which, in effect, dismissed the plaintiff's general charge of fraud.

IV.

To the extent that the plaintiff's complaint alleges malpractice on the part of the defendants, it is clear that the trial court, in reaching its decision, relied upon the affidavit of Jerry Crutchfield and other "matters outside the pleadings." *See* Tenn. R. Civ. P. 12.03. Thus, with respect to the plaintiff's malpractice claims, the defendants' motion "shall be treated as one for summary judgment and disposed of as provided in [Tenn. R. Civ. P.] 56." *Id*.

Under Tenn. R. Civ. P. 56.04, disposition by way of summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A grant of summary judgment when reviewed on appeal raises a pure question of law; hence, our de novo review is undertaken with no presumption of correctness as to the trial court's judgment. *See Gonzales v. Alman Constr. Co.*, 857 S.W.2d 42, 44 (Tenn. Ct. App. 1993). We must decide anew if the requirements of Tenn. R. Civ. P. 56 have been met. *Id*. at 44-45. Based upon our review of the record in the instant case and the parties' briefs, we have concluded that the plaintiff's complaint for malpractice is barred by the applicable statute of repose.

V.

Tenn. Code Ann. § 28-3-114(a) (2000) provides as follows:

> All actions to recover damages against any person engaged in the
> practice of surveying for any deficiency, defect, omission, error or
> miscalculation shall be brought within four (4) years from the date the
> survey is recorded on the plat. Any such action not instituted within
> this four (4) year period shall be forever barred. The cause of action
> in such cases shall accrue when the services are performed.

It is clear from the record before us that the defendants, in their dealings with the plaintiff, were engaged in the "practice of surveying."[2] Thus, Tenn. Code Ann. § 28-3-114 applies to the facts of this case pertaining to the plaintiff's claims of malpractice.

Tenn. Code Ann. § 28-3-114 recites that the four-year period begins to run "from the date the survey is recorded on the plat." We have previously held that the language "recorded on the plat" means "the production of some drawing or written instrument evidencing the results of a survey" rather than the filing for recordation of the survey in the office of the register of deeds. *Douglas v. Williams*, 857 S.W.2d 51, 54 (Tenn. Ct. App. 1993). In the instant case, the survey, in written form, was originally[3] provided to the plaintiff on August 17, 1993. The four-year period under Tenn. Code Ann. § 28-3-114 began to run from and after August 17, 1993.

The defendants argue that Tenn. Code Ann. § 28-3-114 is a statute of repose and not a statute of limitations. We agree. The statute refers to a *specific event*, i.e., "the date the survey is recorded

---

[2]Tenn. Code Ann. § 28-3-114(b) provides as follows:

> "Practice of land surveying" as used in this section includes, but is limited to, those
> activities set forth in § 62-18-102(3), and the establishment or reestablishment of
> corners, boundaries, and locations of lots, parcels, tracts, or divisions of land,
> including distances, directions, and acreage, or fractional parts thereof; and also
> including, but not limited to, the correct determination and description of the same
> for the purpose of furnishing a legal description of any land surveyed to be used in
> deeds or other instruments of conveyances for the purpose of conveying title to the
> area surveyed.

While § 28-3-114(a) refers to the "practice of surveying," and § 28-3-114(b) defines "practice of *land* surveying," (emphasis added), it is clear, when these sections are read *in para materia*, that the definition in subsection (b) was intended to refer to the somewhat-differently worded language of subsection (a).

[3]The plaintiff's complaint, liberally construed in his favor, makes reference to a second survey that was furnished to him by Crutchfield Surveys on February 19, 2001. In his affidavit, Mr. Crutchfield identified the defendant Crutchfield Surveys as his employer. In his complaint, the plaintiff says that Crutchfield Surveys "surveyed it out the same way that Jerry Crutchfield surveyed it." In our opinion, the furnishing of the *identical* survey at a subsequent date – February 19, 2001 – in connection with the same issue that prompted the furnishing of the original and identical survey on August 17, 1993, does not give rise to a separate cause of action.

on the plat," as to when the start of the four-year time period is triggered.  Lest there be a doubt about that which triggers the beginning of the applicable time frame, the statute provides that "[t]he cause of action in such case shall accrue when the services are performed."  In **Wyatt v. A-Best Products Co., Inc.**, 924 S.W.2d 98, 102 (Tenn. Ct. App. 1995), we noted that a statute of repose, generally speaking, refers to a specific event as the triggering event rather than referring to the triggering event as the time when the cause of action "accrues" without further descriptive language.  **Id**.  A statute employing the general language of "accrues," without more, generally signals that the statute is one of limitations.  **Id**.

We recognize that, in the **Douglas** case, we referred to the statute under discussion as a "statute of limitations."  857 S.W.2d at 54.  However, in **Douglas**, we were not presented with the specific issue of whether the statute was one of repose or limitations.  Accordingly, we do not believe that **Douglas** is precedent against our holding that Tenn. Code Ann. § 28-3-114 is a statute of repose.[4]

The trial court also held that the plaintiff's complaint for malpractice was barred by the doctrine of res judicata.  While the plaintiff filed an earlier suit against Mr. Crutchfield, as well as Chancellor White, in the United States District Court for the Eastern District of Tennessee, the suit against Mr. Crutchfield was dismissed due to a lack of a federal question.  The District Court, in an exercise of its discretion, declined "to exercise supplemental jurisdiction over Plaintiff's state law claim against Crutchfield."  The District Court's action, not being on the merits, does not give rise to the bar of the doctrine of res judicata.

In summary, we hold that the plaintiff's cause of action for malpractice accrued on August 17, 1993, when the survey was "recorded on the plat."  *See* Tenn. Code Ann. § 28-3-114(a).  Suit was not filed until June 18, 2004, almost ten years later.  Accordingly, we hold that the plaintiff's suit for malpractice was not filed within the four-year period of the statute of repose.

VI.

The judgment of the trial court is affirmed.  Costs on appeal are taxed against the appellant, Curtis Meredith.  This case is remanded to the trial court for the collection of costs assessed below, pursuant to applicable law.

_____
CHARLES D. SUSANO, JR., JUDGE

---

[4]Even if we are incorrect in holding that Tenn. Code Ann. § 28-3-114 is a statute of repose rather than a statute of limitations, the opposite ruling would be of no help to the plaintiff in the case at bar.  This is because there is nothing in the record to suggest that the discovery rule is implicated by the facts of this case in a way that would compel a holding that the plaintiff's complaint was filed before a *limitations* period of four years had expired.