IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 7, 2001 Session

## ANTHONY D. MYERS, ET AL. v. W. ALLEN BRYAN, III

**Appeal from the Chancery Court for Williamson County**
**No. I 25483     Russ Heldman, Chancellor**

_____

### No. M2000-03188-COA-R3-CV - Filed December 10, 2001

_____

This case originated as a suit against a subdivision developer, W. Allen Bryan, III, ("Bryan"), for fraud, negligent misrepresentation, and violation of the Tennessee Consumer Protection Act, all predicated on the failure of a subdivision plat plan to reflect an existing drainage easement. Thereafter, Bryan filed a third-party complaint seeking indemnification from the surveyor who prepared the plat plan, Ragan-Smith, Associates, Inc. ("Ragan-Smith"), in the event Bryan was cast in judgment.  On this Tenn. R. App. P. 54.02 appeal, we are presented with the issue of whether Bryan's cause of action for failure to reflect the drainage easement on the plat plan is barred by the four-year statute of repose for surveying errors. The court below granted Ragan-Smith summary judgment, finding that Bryan's claim is barred by the aforesaid statute of repose.  Bryan appeals, arguing that Ragan-Smith is not entitled to summary judgment because, according to Bryan, the omission of the drainage easement is an engineering error, not a surveying error, and hence, so the argument goes, the subject claim is not barred by the four-year statute of repose for surveying errors. In the alternative, Bryan argues that even if the failure to reflect the drainage easement on the plat plan is a surveying error, his third-party complaint was timely filed.  We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
### Affirmed; Case Remanded

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and HERSCHEL P. FRANKS, J., joined.

Louis W. Oliver, III, Hendersonville, Tennessee, for the appellant, W. Allen Bryan, III.

Jefferson C. Orr, Nashville, Tennessee, for the appellee, Ragan-Smith Associates, Inc.

### OPINION

## I. *Facts*

In 1992, Bryan, a subdivision developer, purchased a tract of land in Williamson County, which he later developed into a subdivision known as Beech Tree. Shortly after purchasing the property, he entered into an oral agreement with Ragan-Smith, a surveying company, to prepare a plat plan for the subdivision. On December 7, 1993, a plat plan entitled "Final Plat," outlining the 16 lots in the subdivision by metes and bounds, was completed, certified, and stamped by Roger H. Fuqua, a Registered Land Surveyor employed by Ragan-Smith.

On or before January 1, 1995, Bryan requested that Ragan-Smith make a minor revision to the plat plan for Lot No. 15 in the subdivision. As stated on the plat plan, the sole purpose of this revision was to "sit [sic] out an easement for subsurface disposal systems" for a neighboring landowner. This revision to the plat plan, entitled "Minor Revision Lot No. 15 Beech Tree"("Minor Revision"), was completed by Fuqua on January 5, 1995.

The original plaintiffs, Anthony D. Myers and his wife, Tina Myers ("collectively referred to in this opinion as "the Myers"), entered into a contract with Bryan to purchase Lot No. 15. In 1997, the Myers discovered a drainage ravine on their lot running through the building site, the effect of which was to substantially decrease the size of the house that could be built on the lot. This ravine, however, was not reflected on the plat plan that Bryan had shown the Myers. As a result, on May 22, 1998, the Myers instituted the underlying action against Bryan, alleging fraud, negligent misrepresentation, and violation of the Tennessee Consumer Protection Act, with respect to their purchase of Lot No. 15. They alleged that the plat plan was not accurate because it did not show the drainage easement on their lot.

On December 28, 1998, Bryan filed a third-party complaint against Ragan-Smith, alleging that Bryan was entitled to indemnification from Ragan-Smith for any damages awarded against Bryan for deficiencies in the plat plan prepared by Ragan-Smith. Thereafter, Ragan-Smith filed a motion for summary judgment asserting that Bryan's cause of action was barred by the four-year statute of repose for surveying errors set forth in T.C.A. § 28-3-114. The trial court granted Ragan-Smith's motion, finding "that there is no genuine issue as to any material fact with respect to the third-party action which has been filed against Ragan-Smith Associates, Inc., and that said third-party action is untimely and barred as a matter of law pursuant to T.C.A. § 28-3-114 ...."

Bryan appeals, challenging the trial court's grant of summary judgment. Bryan argues that there is a genuine issue of material fact as to whether the absence of a drainage easement on a plat plan is a surveying error. In the alternative, he argues that even if the omission of the drainage easement is a surveying error, his third party complaint was timely filed.

## II. *Standard of Review*

In deciding whether a grant of summary judgment is appropriate, courts are to determine "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. When presented with a summary judgment motion, the trial court "must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence." ***Byrd v. Hall***, 847 S.W.2d 208, 210-11 (Tenn. 1993). If there is a dispute as to any material fact, the motion for summary judgment must be denied. ***Id.*** at 211. A material fact is one that must be decided in order to resolve the claim or defense at which the motion is aimed. ***Id.***

The party seeking summary judgment has the initial burden of demonstrating that there is no genuine issue of material fact and that it is entitled to a judgment as a matter of law. ***Id.*** at 215. This burden may be met by either affirmatively negating an essential element of the non-moving party's claim or by conclusively establishing an affirmative defense. ***Id.*** at 215 n. 5. Once the moving party satisfies its burden, the burden then shifts to the nonmoving party to establish that there are disputed material facts creating genuine issues that must be resolved by the trier of fact. ***Id.*** at 215.

Since summary judgment presents purely a question of law, our review is *de novo* with no presumption of correctness as to the trial court's judgment. ***Hembree v. State***, 925 S.W.2d 513, 515 (Tenn. 1996).

## III.

### A. *Surveying Error v. Engineering Error*

The trial court granted Ragan-Smith summary judgment because it found that Bryan's claim against Ragan-Smith is barred by the four-year statute of repose for surveying errors. The trial court based its decision on T.C.A. § 28-3-114 (a) (2000), which provides as follows:

> (a) All actions to recover damages against any person engaged in the practice of surveying for any deficiency, defect, omission, error or miscalculation shall be brought within four (4) years from the date the survey is recorded on the plat. Any such action not instituted within this four (4) year period shall be forever barred. *The cause of action in such cases shall accrue when the services are performed.*

(Emphasis added). In finding that this particular statute of repose barred Bryan's claim against Ragan-Smith, the trial court concluded that the omission of a drainage easement from a plat plan is a surveying error.

Under Tennessee law, "the practice of land surveying" is defined as

> those activities set forth in § 62-18-102(3), and the establishment or reestablishment of corners, boundaries, and locations of lots, parcels, tracts, or divisions of land, including distances, directions, and acreage, or fractional parts thereof; and also including, but not limited to, the correct determination and description of the same for the purpose of furnishing a legal description of any land surveyed to be used in deeds or other instruments of conveyances for the purpose of conveying title to the area surveyed.

T.C.A. § 28-3-114(b) (2000). As pertinent to the issues on this appeal, T.C.A. § 62-18-102(3) (1997) – as alluded to in T.C.A. § 28-3-114(b) – provides that the following are included within the concept of "the practice of land surveying":

> any service of work, the adequate performance of which involves the application of special knowledge of the principles of mathematics, the related physical and applied sciences, and the relevant requirements of law for adequate evidence to the act of measuring and locating lines, angles, elevations, natural and man-made features in the air, on the surface of the earth, within underground workings, and on the beds of bodies of water for the purpose of determining areas and volumes, for the monumenting of property boundaries, and for the platting and layout of lands and subdivisions thereof, including the topography, drainage, alignment and grades of streets, and for the preparation and perpetuation of maps, records, plats, field notes, records and property descriptions that represent these surveys....

T.C.A. § 62-18-102(3).

Bryan argues that Ragan-Smith is not entitled to summary judgment because there is a genuine issue of material fact as to whether the failure to reflect the drainage easement on the final plat is an engineering error or surveying error. Bryan argues that the placement of a drainage easement on a plat map is an engineering function. In support of this argument, Bryan submitted the affidavit of DeWayne Caldwell, a licensed surveyor and engineer. In his affidavit, Caldwell stated that in his opinion "it is a surveying function to prepare a site contour map and drainage worksheet but, it is an engineering function to determine the need for a drainage easement and then to calculate the size of that drainage easement to be shown on a Final Plat in accordance with any applicable zoning and subdivision regulations." Significantly, there is no assertion by Caldwell that the act of *placing* a drainage easement on a plat plan is an engineering function; rather he opines simply that the determination of the need for an easement and the calculation of the size of the easement are engineering tasks. Furthermore, Caldwell did not testify that a surveyor should *not* depict the presence of a drainage easement on a plat plan. Therefore, assuming, without deciding, that this is

-4-

an issue that is susceptible to expert testimony, it is clear that Caldwell's testimony, when properly analyzed, does not establish that the placing of a drainage easement on a site plan is an engineering function.

As further support for his position that the omission of a drainage easement is an engineering error, Bryan argues that the placement of a drainage easement on a plat plan does not fall within "the practice of land surveying" as defined by T.C.A. § 28-3-114(b). We disagree. T.C.A. § 28-3-114(b) directs us to T.C.A. § 62-18-102(3) which in turn provides that "the practice of land surveying" includes "*the act of measuring and locating* lines, angles, elevations, *natural* and man-made *features* in the air [and] *on the surface of the earth* ...." (Emphasis added). We find that the placement of a drainage easement on a plat plan is an act that reflects the measuring and locating of a natural feature on the surface of the earth, and therefore, the omission of the drainage easement from the plat plan is a surveying rather than engineering error.

B. *Statute of Repose*

The trial court concluded that Bryan's third-party action against Ragan-Smith was "untimely and barred as a matter of law pursuant to T.C.A. § 28-3-114," the four-year statute of repose for surveying errors. The court concluded that the completion of the Final Plat on December 7, 1993, was the event that triggered the commencement of the four-year repose period. As a result, the trial court found that Bryan's third-party complaint, filed on December 21, 1998, was barred by that statute. Bryan argues that the court below erred in finding no genuine issue of material fact as to which survey is at issue in the underlying suit. Bryan asserts that the Minor Revision, completed on January 5, 1995, is the appropriate plat for determining the timeliness of the indemnification action, not the Final Plat.

On the basis of T.C.A. § 28-3-114(a), in order to determine if a cause of action is barred by the four-year statute of repose, it is essential to determine when the repose period begins to run. According to the statute, the cause of action must be brought within four years from the date the survey is "recorded on the plat." In *Douglas v. Williams*, 857 S.W.2d 51 (Tenn. Ct. App. 1993), this Court held that "as used in T.C.A. § 28-3-114, the words, 'recorded on the plat' mean the production of some drawing or written instrument evidencing the results of a survey." *Id.* at 54. With respect to the Final Plat, that occurred on December 7, 1993.

Bryan argues that the critical drawing is the Minor Revision, not the Final Plat. He contends that the four-year repose period began on January 5, 1995, the date when the surveyor completed the drawing of the Minor Revision. Because he filed his third-party complaint on December 21, 1998, he argues that his action was timely filed.

As further support for his argument that the Minor Revision is the plat for determining the timeliness of his action, Bryan points out that the Minor Revision states that it "voids, vacates and

supercedes Lot No. 15 on the Plan of Beech Tree as of record in Plat Book 20, Page 19, R.O.W.C. Tenn." Therefore, he contends, as to Lot No. 15, the Final Plat no longer exists.

We disagree with Bryan's argument that the Minor Revision is the plat plan for determining the running of the statute of repose. If Ragan-Smith made a surveying error by omitting the drainage easement, this error was committed on the Final Plat completed on December 7, 1993. As soon as this drawing was completed, according to *Douglas*, the four-year statute of repose began running. The Minor Revision, completed on January 5, 1995, did nothing to change the Final Plat *as far as the drainage easement is concerned.* As stated on the Minor Revision, the sole purpose of the revision was to "sit [sic] out an easement for subsurface disposal systems for ... [an] adjoining property owner, and the addition of a small tract to the west [of] Lot 15 to make up the area of easement as agreed to by both property owners." The easement for subsurface disposal had nothing to do with the drainage easement omitted from the Final Plat. If an error was made, it was made on December 7, 1993, the date of the Final Plat.

We find that the original complaint filed by the Myers was based upon the survey reflected on the Final Plat. Since that suit prompted the original defendant–Bryan–to file his third party complaint, we find that the latter action was likewise predicated on the Final Plat dated December 7, 1993. Because the alleged faulty survey occurred more than four years before Bryan filed his third party complaint on December 21, 1998, his cause of action is barred as a matter of law by T.C.A. § 28-3-114. As a result, we find that the trial court correctly granted Ragan-Smith summary judgment.

IV. *Conclusion*

The judgment of the trial court granting summary judgment to Ragan-Smith is affirmed. This case is remanded for such further proceedings as may be necessary, consistent with this opinion, pursuant to applicable law. Costs on appeal are taxed to the appellant, W. Allen Bryan, III.

_____
CHARLES D. SUSANO, JR., JUDGE