IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 9, 2009 Session


RON HENRY, ET AL. v. CHEROKEE CONSTRUCTION AND SUPPLY
COMPANY, INC.


Appeal from the Circuit Court for Jefferson County
No. 20403 IV     O. Duane Sloane, Judge


No. E2008-01655-COA-R3-CV  - FILED MARCH 26, 2009


Ron Henry and Linda Henry ("Plaintiffs") sued Cherokee Construction and Supply Company, Inc. ("Defendant") alleging damages sustained when a wall in the home that Defendant constructed for Plaintiffs collapsed.  Defendant filed a motion for summary judgment.  The Trial Court entered an order finding and holding that Plaintiffs' claim was barred by the four year statute of repose contained in Tenn. Code Ann. § 28-3-201, *et seq.*, and granting Defendant summary judgment. Plaintiffs appeal to this Court.  We affirm.


**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed;
Case Remanded**


D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and CHARLES D. SUSANO, JR., J., joined.


Douglas T. Jenkins, Rogersville, Tennessee for the Appellants, Ron Henry and wife, Linda Henry.

Charles G. Taylor, III, Knoxville, Tennessee for the Appellee, Cherokee Construction and Supply Company, Inc.


**OPINION**

## Background


In approximately 1993, Plaintiffs purchased an unimproved parcel of real property in Jefferson County, Tennessee. Plaintiffs then contracted with Defendant for Defendant to build a house on this land. The agreement required Plaintiffs to pay the actual cost of labor and materials and Defendant to oversee the project for a fixed fee of $20,000. On November 13, 1995, Defendant filed a Notice of Completion for Plaintiffs' house in the Register of Deeds office for Jefferson County.

In August of 2003, after a heavy downpour of rain, a wall in Plaintiffs' house collapsed filling Plaintiffs' basement with mud, water, and debris. Plaintiffs filed this suit against Defendant in August of 2005, alleging, in pertinent part:

4.      In order to receive their payment under the contract, Defendant, through its officer or employee, Douglas R. Moody, filed a notice of completion of the job on November 13, 1995 and otherwise represented to Plaintiffs that the job was complete;

5.      In fact, the job was not complete and Plaintiffs now charge that the notice of completion was:

(a)  made in the course and scope of Defendant's business as a residential contractor;

(b)  false information which was negligently supplied by the Defendant;

(c)  intended to influence and guide the Plaintiff to make the final payment to Defendant;

(d)  justifiably relied upon by Plaintiffs;

(e)  the proximate cause of Plaintiffs' severe financial loss;

6.      The foundation exterior of the house had not been finished by Defendant because it, among other things, had not been waterproofed, gravelled [sic], or filled with concrete. The french drains were not complete. In providing the false information regarding completion, Plaintiffs allege that Defendant failed to exercise reasonable care or competence in obtaining information of completion of the job, and Defendant failed to exercise reasonable care or competence in communicating information of completion;

7.      On or about August 2, 2003, the Plaintiffs discovered their house had not been completed by waterproofing the exterior basement wall of their home when said wall collapsed causing several thousand dollars to be expended by Plaintiffs replacing damaged property and repairing their home;….

Discovery commenced and both Plaintiffs gave depositions. The following questions and answers were elicited during the deposition of Ron Henry:

Q. It is your position that the plans called for rebar that wasn't put in?

A.  As far as I know, yes.  That is just, I mean it doesn't call for nails to go into the wood, but I mean that is just good construction.
Q.  Is it your position that [Defendant] intentionally left these items out, the rebar?
A.  No, not at all.
Q.  You're saying that their men did it because of lack of supervision or something like that?
A.  I don't know why it wasn't done.
Q.  But you're not saying that [Defendant] somehow or other intentionally left it out to make extra money or anything like that?
A.  No, I am not accusing them of that.

During Linda Henry's deposition, the following testimony was given:

Q.  Do you have any personal knowledge yourself of anything that you're claiming that [Defendant] did wrong or negligently that caused this problem?
A.  No.
Q.  And you would agree with your husband, you don't feel like [Defendant] intentionally did anything wrong?
A.  No, definitely not.

Defendant filed a motion for summary judgment asserting that Plaintiffs' suit was barred by the four year statute of repose contained in Tenn. Code Ann. § 28-3-201, *et seq.* Defendant's motion further stated that Plaintiffs could not utilize the exception to the four year statute of repose, which applies if a defendant is guilty of "fraud or fraudulent concealment," because both Plaintiffs "conceded under oath that they have no evidence that [Defendant] or any of its employees did anything 'intentionally' to cause the plaintiffs' alleged damage."

The Trial Court held a hearing and then entered its order on July 16, 2008 finding and holding that Plaintiffs' claim was barred by the four year statute of repose contained in Tenn. Code Ann. § 28-3-201, *et seq.*, and granting Defendant summary judgment.  Plaintiffs appeal to this Court.

**Discussion**

Although not stated exactly as such, Plaintiffs raise two issues on appeal: 1) whether the Trial Court erred in applying Tenn. Code Ann. § 28-3-201, *et seq.*, and granting summary judgment to Defendant; and, 2) whether the Trial Court erred in finding that the wrongful concealment exception found in Tenn. Code Ann. § 28-3-205 does not apply in this case.

Our Supreme Court has described the process for reviewing a trial court's grant of summary judgment as follows:

The standards governing an appellate court's review of a motion for summary judgment are well settled.  Since our inquiry involves purely a question of law, no presumption of correctness

-3-

attaches to the lower court's judgment, and our task is confined to reviewing the record to determine whether the requirements of Tenn. R. Civ. P. 56 have been met. *See Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997); *Cowden v. Sovran Bank/Central South*, 816 S.W.2d 741, 744 (Tenn. 1991). Tennessee Rule of Civil Procedure 56.04 provides that summary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, *see Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993); and (2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. *See Anderson v. Standard Register Co.*, 857 S.W.2d 555, 559 (Tenn. 1993). The moving party has the burden of proving that its motion satisfies these requirements. *See Downen v. Allstate Ins. Co.*, 811 S.W.2d 523, 524 (Tenn. 1991). When the party seeking summary judgment makes a properly supported motion, the burden shifts to the nonmoving party to set forth specific facts establishing the existence of disputed, material facts which must be resolved by the trier of fact. *See Byrd v. Hall*, 847 S.W.2d at 215.

*Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 88 (Tenn. 2000).

Plaintiffs argue on appeal that the Trial Court erred in applying Tenn. Code Ann. § 28-3-202 by transforming "the case from a negligent misrepresentation case into a construction defect case," and in doing so applied the wrong statute. As pertinent to this issue, Tenn. Code Ann. § 28-3-202 provides:

**28-3-202. Limitation of actions. –** All actions to recover damages for any deficiency in the design, planning, supervision, observation of construction, or construction of an improvement to real property, for injury to property, real or personal, arising out of any such deficiency, or for injury to the person or for wrongful death arising out of any such deficiency, shall be brought against any person performing or furnishing the design, planning, supervision, observation of construction, construction of, or land surveying in connection with, such an improvement within four (4) years after substantial completion of such an improvement.

Tenn. Code Ann. § 28-3-202 (2000).

As our Supreme Court has instructed: "[T]he designation given to a cause of action does not necessarily or conclusively determine whether Tenn. Code Ann. § 28-3-202 applies. Rather, we must look to the substantive allegations of the complaint." *Chrisman v. Hill Home Dev., Inc.*, 978 S.W.2d 535, 540 (Tenn. 1998). The *Chrisman* Court found that an action couched as nuisance was actually "an 'action[] to recover damages for any deficiency in the design, planning, supervision, observation of construction, or construction of an improvement to real property.'" *Id.*

at 541 (quoting Tenn. Code Ann. § 28-3-202 (1980)). The *Chrisman* Court further noted that this Court had applied Tenn. Code Ann. § 28-3-202 to bar a suit that included claims for fraudulent misrepresentation and breach of express warranty, and one that included claims for strict liability, breach of implied and express warranties, and misrepresentation and stated: "Like nuisance, these claims do not require proof of negligence, yet the statue of repose applies with equal effect to all of them." *Id.* at 540 (discussing *Lonning v. Jim Walter Homes, Inc.*, 725 S.W.2d 682 (Tenn. Ct. App. 1987) (including claims of fraudulent misrepresentation and breach of express warranty); *Pridemark Custom Plating, Inc. v. Upjohn, Co.*, 702 S.W.2d 566 (Tenn. Ct. App. 1985) (including claims of strict liability, breach of implied and express warranties, and misrepresentation)).

Plaintiffs argue that they have not sued for damages resulting from a construction defect but instead have sued for "a negligent misrepresentation of completeness and Notice of Completion...." Plaintiffs argue that their claim is based upon the Notice of Completion being negligently filed because Defendant had not actually completed the construction as required by the agreement between the parties.

After a careful and thorough review of the record on appeal, we conclude that regardless of how Plaintiffs' claim is couched, the case at hand is an action "to recover damages for any deficiency in the design, planning, supervision, observation of construction, or construction of an improvement to real property, for injury to property, real or personal, arising out of any such deficiency...." Tenn. Code Ann. § 28-3-202 (2000). The material substantive allegations of Plaintiffs' complaint relate to Defendant's alleged negligence in the construction of the house. As such, the Trial Court did not err in applying Tenn. Code Ann. 28-3-202.

We, therefore, next must consider whether the Trial Court erred in finding that the wrongful concealment exception found in Tenn. Code Ann. § 28-3-205 does not apply in this case. In pertinent part, Tenn. Code Ann. § 28-3-205 provides:

> The limitation hereby provided shall not be available as a defense to any person who shall have been guilty of fraud in performing or furnishing the design, planning, supervision, observation of construction, construction of, or land surveying, in connection with such an improvement, or to any person who shall wrongfully conceal any such cause of action.

Tenn. Code Ann. § 28-3-205(b) (2000).

Plaintiffs admit in their brief on appeal that they "do not and can not accuse [Defendant] of fraud or fraudulent concealment; however, Plaintiffs do accuse it of burying and hiding the fact that it did not finish this job according to contract." Plaintiffs attempt to rely upon the portion of Tenn. Code Ann. § 28-3-205(b) that provides that the statute of repose will not be available "to any person who shall wrongfully conceal any such cause of action." Tenn. Code Ann. § 28-3-205(b) (2000).

As our Supreme Court stated in *Conley v. State*:

[W]e begin our analysis by reviewing familiar principles of statutory construction. Our "primary goal in interpreting statutes is 'to ascertain and give effect to the intention and purpose of the legislature.'" *Stewart v. State*, 33 S.W.3d 785, 791 (Tenn. 2000) (*quoting Gleaves v. Checker Cab Transit Corp.*, 15 S.W.3d 799, 802 (Tenn. 2000)). When the statutory language is unambiguous, we apply its plain and ordinary meaning. *Planned Parenthood of Middle Tenn. v. Sundquist*, 38 S.W.3d 1, 24 (Tenn. 2000). When the statutory language is ambiguous, we must look to other sources, such as legislative history, to determine the intent and purpose of the legislature. *Id.*

*Conley v. State*, 141 S.W.3d 591, 595 (Tenn. 2004).

By its plain and unambiguous language, Tenn. Code Ann. § 28-3-205(b) provides that the statute of repose will not be available "to any person who shall wrongfully conceal any such cause of action." However, Plaintiffs' claim with regard to this issue is predicated upon the assertion that Defendant wrongfully concealed construction defects and the fact that the job was not finished according to the contract. As this Court stated in *Register v. Goad*: "The concealment referred to in the statute is not concealment in the original construction, but rather a concealment by defendant of plaintiff's cause of action once it arises." *Register v. Goad*, 1985 Tenn. App. LEXIS 3104, at *9 (Tenn. Ct. App. Aug. 23, 1985), *no appl. perm. appeal filed.* Plaintiffs make no allegation that Defendant did anything to conceal the cause of action once it arose. Rather, the "concealment" complained of by Plaintiffs occurred in the original construction itself. As such, Plaintiffs' claim for wrongful concealment fails.

Further, "[w]here concealment is relied on to toll the statute of limitations it must be evidenced, in the absence of a fiduciary relationship, by some overt act or affirmative representation." *Ogles v. C & S Builders, Inc.*, 1984 Tenn. App. LEXIS 3042, at **5-6 (Tenn. Ct. App. Aug. 3, 1984), *no appl. perm. appeal filed.* The record on appeal reveals that both Plaintiffs testified that they do not accuse Defendant of doing anything intentionally. In the absence of an alleged overt act or affirmative representation, Plaintiffs cannot rely upon the wrongful concealment exception to the statute of repose. We find no error in the Trial Court's holding that the wrongful concealment exception found in Tenn. Code Ann. § 28-3-205 does not apply in this case.

As there is no genuine issue of material fact and Defendant is entitled to summary judgment as a matter of law based upon the expiration of the statute of repose, we affirm the Trial Court's grant of summary judgment to Defendant.

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the Appellants, Ron Henry and wife, Linda Henry, and their surety.

_____
D. MICHAEL SWINEY, JUDGE