IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 23, 2012 Session

# BRIAN DALE, single; BRIAN LAWHORN and wife, PAMELA LAWHORN; and WILLIAM JENKINS and wife, ELAINE JENKINS v. B & J ENTERPRISES, ET AL.

### Direct Appeal from the Chancery Court for Knox County
### No. 175314-2      Michael W. Moyers, Chancellor

---

### No. E2011-01790-COA-R9-CV-FILED-MAY 10, 2012

---

Homeowners filed this lawsuit against various individuals and entities shortly after purchasing their homes, when they discovered that their properties are affected by numerous sink holes. Original defendants identified a surveyor as a comparative tortfeasor, and the homeowners amended their complaint to add the surveyor as a defendant. The surveyor filed a motion to dismiss, arguing that the homeowners' claims were barred by Tennessee Code Annotated section 28-3-114, which provides that all actions to recover damages against any person engaged in the practice of surveying for any deficiency, defect, omission, error or miscalculation shall be brought within four years from the date the survey is recorded on the plat, or else be forever barred. The trial court granted the motion to dismiss. Plaintiffs were subsequently granted permission by the trial court and this Court to pursue an interlocutory appeal. Finding that section 28-3-114 governs the homeowners' claims, we affirm.

### Tenn. R. App. P. 9; Interlocutory Appeal; Judgment of the Chancery Court Affirmed and Remanded

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the Court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

David T. Black, Maryville, Tennessee, for the appellants, Brian Dale, single; Brian Lawhorn and wife, Pamela Lawhorn; and William Jenkins and wife, Elaine Jenkins

Stephen E. Yeager, Christopher C. Field, Knoxville, Tennessee, for the appellees, B & J Enterprises, et al

## OPINION

### I. FACTS & PROCEDURAL HISTORY

Brian Dale, Brian and Pamela Lawhorn, and William and Elaine Jenkins (collectively, "Plaintiffs") own properties in Cottington Court Subdivision in Knoxville, Tennessee. On June 11, 2009, Plaintiffs filed this lawsuit against various entities and individuals involved in the development of the subdivision and the construction and purchase of their homes.[1] Plaintiffs alleged that the defendants had "neglected either by acts of commission or omission to disclose to Plaintiffs that their respective lots were subject to significant damage and/or diminution in value from the undisclosed location of sinkholes/depressions within the subdivision." Plaintiffs had purchased their homes in 2007 and 2008, and according to the complaint, a large sink hole collapsed near one of the homes in late fall of 2008. Plaintiffs claimed that they subsequently discovered that there are significant sink holes and depressions throughout the subdivision. Plaintiffs alleged that the defendants had knowledge of the sink holes prior to the purchases by Plaintiffs, and they attached to their complaint a "Report of Geotechnical Exploration" that was performed in 2004 for a previous developer in order to determine whether construction on the lots was feasible due to the existence of the sink holes on the property. Plaintiffs also attached the minutes of a 2004 meeting of the Knox County Metropolitan Planning Commission at which the Commission considered the previous developer's proposal to build a subdivision on the properties now owned by Plaintiffs. The sink holes were discussed at this meeting. The Commission ultimately approved the subdivision proposal but imposed numerous conditions regarding the sink holes, including a requirement that the sink holes be designated on the final plat even if they were approved to be filled. According to Plaintiffs' complaint, the final plat of the Cottington Court Subdivision was registered on May 19, 2006, but it did not show the sink holes. Plaintiffs set forth several causes of action in their complaint, including failure to disclose, misrepresentation, misrepresentation by concealment, and violation of the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101, *et seq*.

The defendants filed an answer in which they claimed, among other things, that they did not contribute to the final plat. The defendants invoked the doctrine of comparative fault and asserted that the previous developer and the "entity responsible for the final plat" were the cause of Plaintiffs' damages. The defendants identified a certain engineering firm that was believed to have been responsible for the plat. Plaintiffs then filed an amended complaint on September 24, 2009, naming the previous developer and the engineering firm as defendants. In response, the engineering firm filed an answer denying any responsibility

---

[1] Because this case was decided on a Rule 12 motion to dismiss, we take the allegations of the complaint as true for purposes of this appeal.

for the plat preparation. The previous developer also filed an answer in which it asserted the comparative fault of Benchmark Associates, Inc. ("Benchmark"), naming it as the entity that "failed to properly include the sink holes and/or depressions on the final plat submitted to the Knox County Metropolitan Planning Commission and/or Register of Deeds for Knox County Tennessee either by neglect/fault or at the direction of the other known Defendants or not yet known persons(s)[.]" Plaintiffs then filed a Second Amended Complaint on June 16, 2010, naming Benchmark as a defendant. Plaintiffs again alleged failure to disclose, misrepresentation, misrepresentation by concealment, and violation of the Tennessee Consumer Protection Act by the "Defendants." Plaintiffs alleged that the "Defendants" had prior knowledge of the existence of the sink holes and "improperly filled and disguised" them so that Plaintiffs were not aware of their existence. With specific regard to Benchmark, Plaintiffs alleged that it "was responsible for and negligent in failing to include sink holes and/or depressions on the final plat . . . either on their own or at the direction of other Defendants and that this failure proximately caused and/or contributed to the damages sustained by Plaintiffs."

On July 27, 2010, Benchmark filed a motion to dismiss the claims against it, relying upon Tennessee Code Annotated section 28-3-114(a), which provides:

> All actions to recover damages against any person engaged in the practice of surveying for any deficiency, defect, omission, error or miscalculation shall be brought within four (4) years from the date the survey is recorded on the plat. Any such action not instituted within this four (4) year period shall be forever barred. The cause of action in such cases shall accrue when the services are performed.

Benchmark pointed out that Plaintiff's complaint alleged that the plat was recorded on May 19, 2006, and yet the second amended complaint naming Benchmark as a defendant was not filed until June 16, 2010.[2] As such, Benchmark argued that the statute of repose found in section 28-3-114 barred Plaintiffs' claims against it.

_____

[2] In the context of section 28-3-114, "[t]he words, 'recorded on the plat' mean the production of some drawing or written instrument evidencing the results of a survey." *Douglas v. Williams*, 857 S.W.2d 51, 54 (Tenn. Ct. App. 1993). Thus, the statute begins to run when "some written or drafted statement was produced by the surveyor." *Id.* It does not necessarily mean the date when the survey was recorded in a county register's office, as the statute would never begin to run on an unrecorded plat. *Id.* Here, the complaint alleged that the plat was recorded on May 19, 2006, so the statute commenced to run at least by that date.

In response to the motion to dismiss, Plaintiffs argued that the preparation of the plat was merely "an ancillary component" of their claims, and that "the real issue [was] the tortious misrepresentation by Benchmark[.]" Plaintiffs claimed that section 28-3-114 did not bar their claims for misrepresentation and violation of the Tennessee Consumer Protection Act. Plaintiffs alternatively argued that their claim was "timely as to the date of discovery." At the hearing on the motion to dismiss, Plaintiffs raised an additional argument, claiming that the relevant limitations period was found at Tennessee Code Annotated section 28-3-202, which addresses deficiencies in construction, rather than the statute addressing surveyors, section 28-3-114.

Following a hearing, the trial court entered an order dismissing Plaintiffs' claims against Benchmark pursuant to Tennessee Code Annotated section 28-3-114, which bars claims against surveyors after four years. Plaintiffs filed a timely motion for an interlocutory appeal, pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure, which the trial court and this Court granted.

## II. ISSUES PRESENTED

On appeal, Plaintiffs present several arguments in support of their position that the trial court erred in dismissing their claims against Benchmark pursuant to Tennessee Code Annotated section 28-3-114. The issues presented, as we perceive them, are:

1. Whether the trial court should have applied the limitations period set forth at Tennessee Code Annotated section 28-3-202, regarding deficiencies in construction, instead of section 28-3-114, which addresses surveyors;
2. Whether Plaintiffs' claims were timely under Tennessee Code Annotated section 28-3-114 when the claims were brought within four years of discovery of the injury; and
3. Whether section 28-3-114 bars Plaintiffs' claims for misrepresentation and violation of the Tennessee Consumer Protection Act.

Benchmark also argues that Plaintiffs' claims for misrepresentation and violation of the Tennessee Consumer Protection Act were subject to dismissal in any event because they lacked merit. For the following reasons, we affirm the decision of the chancery court.

## III. DISCUSSION

### A. *Applying the Correct Statute*

First, we will address Plaintiffs' contention that the trial court applied the wrong statute. The statute applied by the trial court is Tennessee Code Annotated section 28-3-114,

which provides, in relevant part:[3]

> All actions to recover damages against any person engaged in the practice of surveying for any deficiency, defect, omission, error or miscalculation shall be brought within four (4) years from the date the survey is recorded on the plat. Any such action not instituted within this four (4) year period shall be forever barred. The cause of action in such cases shall accrue when the services are performed.

Plaintiffs contend that the trial court should have applied another statute addressing deficiencies in construction, Tennessee Code Annotated section 28-3-202, which provides:

> All actions to recover damages for any deficiency in the design, planning, supervision, observation of construction, or construction of an improvement to real property, for injury to property, real or personal, arising out of any such deficiency, or for injury to the person or for wrongful death arising out of any such deficiency, shall be brought against any person performing or furnishing the design, planning, supervision, observation of construction, construction of, *or land surveying* in connection with, such an improvement within four (4) years after substantial completion of such an improvement.

(emphasis added). Plaintiffs argue on appeal that this statute "better applies to the facts in the case at bar."

Although both of these statutes would appear, at first glance, to apply to the situation before us, we find that the trial court correctly applied "the surveyor statute" found at section 28-3-114. It is helpful to begin by reviewing the history of these two statutes, as recently discussed in *Wannamaker v. Thaxton*, No. M2010-01009-COA-R3-CV, 2011 WL 1087913, at *2 (Tenn. Ct. App. Mar. 24, 2011). In that case, the Court explained that prior to 1980, when the surveyor statute, Tenn. Code Ann. § 28-3-114, was passed, only one statute placed a time limitation on actions against surveyors, and that was the statute that is now known as § 28-3-202.[4] *Id.* At that time, the predecessor to § 28-3-202 addressed actions to recover damages for any deficiency in the design, planning, supervision, observation of construction,

---

[3] Subsection (b) of the statute defines the "practice of land surveying," but the trial court found, and the parties do not dispute, that Benchmark's actions in preparing the plat constituted the practice of surveying.

[4] The statute was previously designated § 28-314.

construction of, *or land surveying* in connection with an improvement to real property. *Id.* "Public Chapter 811 deleted the words 'construction of, or land surveying in connection with' wherever they appeared in [the construction defect statute] and substituted instead the words 'or construction of.'" *Id.* (citing 1980 Tenn. Pub. Acts, Ch. 811, § 1). Chapter 811 then enacted what is now section 28-3-114, specifically addressing surveyors. *Id.* (citing 1980 Tenn. Pub. Acts, Ch. 811, § 2). The *Wannamaker* Court noted that the editors of the Tennessee Code apparently "erred by deleting only the first appearance of the language to be deleted, since the same language is still in the latter portion of Tenn. Code Ann. § 28-3-202." *Id.* at n.2. Chapter 811 had directed that the words were to be deleted "wherever they appear" in the statute. *Id.* at *2 (citing 1980 Tenn. Pub. Acts. Ch. 811, § 1). Despite this error, however, the *Wannamaker* Court concluded that "[t]he obvious intent of the legislature was to place all limits on actions against surveyors into the new statute." *Id.*

We agree with this conclusion. "When conflicts arise between an Act as adopted by the legislature and the same Act as subsequently published, the version adopted by the legislature controls." *Kaiser v. State*, No. 01-A-019110BC00359, 1992 WL 141014, at *2 (Tenn. Ct. App. M.S. Jun. 24, 1992) (citing *Weaver v. Davidson County*, 104 Tenn. 315, 321-323, 59 S.W. 1105 (1900)). Considering the language of section 28-3-202 as it should read, in addition to the specific language of section 28-3-114 with regard to the practice of surveying, we conclude that the trial court was correct in concluding that section 28-3-114 was the controlling statute under the facts of this case.

### B. Date of Discovery

Next, Plaintiffs argue that their claims against Benchmark were timely based on the date of discovery. In discussing this issue, the parties dispute whether the surveyor statute, Tenn. Code Ann. § 28-3-114, is a statute of limitations or a statute of repose. Plaintiffs argue that the statute should be construed as a statute of limitations that is subject to the discovery rule, so that their cause of action did not accrue until they discovered the sink holes in late 2008. In that event, Plaintiffs argue, their 2010 complaint naming Benchmark as a defendant would have been timely. Benchmark insists that section 28-3-114 is a statute of repose.

The relevant language of section 28-3-114 bears repeating here:
**28-3-114. Actions for faulty surveying – Limitation of action.**
(a)     All actions to recover damages against any person engaged in the practice of surveying for any deficiency, defect, omission, error or miscalculation shall be brought within four (4) years from the date the survey is recorded on the plat. Any such action not instituted within this four (4) year period shall be forever barred. The cause of action in such cases shall accrue when the services are performed.

-6-

This statute has been cited in only a handful of cases. In ***Douglas v. Williams***, 857 S.W.2d 51, 54 (Tenn. Ct. App. 1993), the Court held that a claim against a surveyor was "barred by the statute of limitations" found in section 28-3-114. Thereafter, in two products liability cases, involving general discussions of statutes of repose, courts referred to section 28-3-114 as an example of a statute of repose for claims against surveyors. *See **Carter v. R. J. Reynolds Tobacco Co.***, No. W1999-02233-COA-R3-CV, 2000 WL 52806, at *3 (Tenn. Ct. App. Jan. 11, 2000); ***Damron v. Media General, Inc.***, 3 S.W.3d 510, 512 (Tenn. Ct. App. 1999). Then, in ***Myers v. Bryan***, M2000-03188-COA-R3-CV, 2001 WL 1565821, at *1 (Tenn. Ct. App. E.S. Dec. 10, 2001) *perm. app. denied* (Tenn. May 6, 2002), the Court applied section 28-3-114 to hold that a complaint against a surveyor was time-barred, and it referred to the statute as one of repose.

None of the aforementioned cases expressly analyzed whether section 28-3-114 is a statute of limitations or a statute of repose. However, that issue was finally raised in ***Meredith v. Crutchfield Surveys***, No. E2004-02460-COA-R3-CV, 2005 WL 1798773, at *3 (Tenn. Ct. App. July 28, 2005) *perm. app. denied* (Tenn. Dec. 5, 2005), where the Court stated:

> The defendants argue that Tenn. Code Ann. § 28-3-114 is a statute of repose and not a statute of limitations. We agree. The statute refers to a *specific event*, i.e., "the date the survey is recorded on the plat," as to when the start of the four-year time period is triggered. Lest there be a doubt about that which triggers the beginning of the applicable time frame, the statute provides that "[t]he cause of action in such case shall accrue when the services are performed." In *Wyatt v. A-Best Products Co., Inc.*, 924 S.W.2d 98, 102 (Tenn. Ct. App. 1995), we noted that a statute of repose, generally speaking, refers to a specific event as the triggering event rather than referring to the triggering event as the time when the cause of action "accrues" without further descriptive language. *Id.* A statute employing the general language of "accrues," without more, generally signals that the statute is one of limitations. *Id.*[5]

The Court went on to state, "Even if we are incorrect in holding that Tenn. Code Ann. § 28-3-114 is a statute of repose rather than a statute of limitations, the opposite ruling would be of no help to the plaintiff in the case at bar." ***Id.*** at n.4.

---

[5] The ***Wyatt*** cased relied upon in ***Meredith*** stated that a statute of repose "typically describes the triggering event as something other than accrual, prompting courts to note that such statutes are 'entirely unrelated to the accrual of any action[.]'" 924 S.W.2d at 98 (quoting *Watts v. Putnam Co.*, 525 S.W.2d 488, 491 (Tenn. 1975)).

Finally, the issue was revisited in ***Wannamaker v. Thaxton***, No. M2010-01009-COA-R3-CV, 2011 WL 1087913, at \*1-3 (Tenn. Ct. App. Mar. 24, 2011). In that case, the trial court had found, based on ***Meredith***, that section 28-3-114 is a statute of repose. Consequently, the trial court concluded that the applicable statute of *limitations* for claims against surveyors is the three-year period for actions for injuries to real property, set forth at section 28-3-105. On appeal, the ***Wannamaker*** Court acknowledged that section 28-3-114 has been referred to both as a statute of limitations and as a statute of repose. The ***Wannamaker*** Court found the statute "ambiguous as to whether it is a statute of limitations or a statute of repose." The Court explained the difference between a statute of limitations and a statute of repose as follows:

> The Tennessee Supreme Court has stated:
>> A statute of limitations normally governs the time within which legal proceedings must be commenced after a cause of action accrues. A statute of repose, on the other hand, limits the time within [which] such an action may be brought and is unrelated to the accrual of any cause of action.
>
> *In re Estate of Davis*, 308 S.W.3d 832, 837-38 (Tenn. 2010) (quoting *Calaway ex rel. Calaway v. Schucker*, 193 S.W.3d 509, 515 (Tenn. 2005)). A statute of limitations "begins when a claim accrues." *Id.* at 838. A statute of repose is unrelated to the accrual of an action because it "begins when a specific event occurs, regardless of whether a cause of action has accrued or whether any injury has resulted." *Id.* (quoting 54 C.J.S. Limitations of Actions § 5 (2005)). Thus, statutes of repose "impose '*an absolute time limit* within which action must be brought.'" *Id.* (quoting *Calaway*, 193 S.W.3d at 515)).

*Id.* at \*2. Looking to the legislative history of section 28-3-114, the Court noted that at least four senators had referred to the bill as a statute of limitations during legislative debate. *Id.* at \*3. Nevertheless, the ***Wannamaker*** Court concluded that "[w]hether Tenn. Code Ann. § 28-3-114 is labeled a statute of limitations or a statute of repose is immaterial." *Id.* at \*3. The Court found that "[t]he obvious intent of the legislature was to place all limits on actions against surveyors into [section 28-3-114]." *Id.* As such, the Court found that section 28-3-114 governed the case before it, not the more general statute of limitations for injuries to real property, and therefore the plaintiff had four years from the preparation of the survey to bring a claim against the surveyor. *Id.*

Like the ***Wannamaker*** Court, we find that it is immaterial whether section 28-3-114 is labeled a statute of limitations or a statute of repose. The statute clearly provides that all actions against persons engaged in the practice of surveying "shall be brought within four (4)

years from the date the survey is recorded on the plat." Tenn. Code Ann. § 28-3-114(a). "Any such action not instituted within this four (4) year period shall be forever barred. The cause of action in such cases shall accrue when the services are performed." *Id.* Plaintiffs' claims against Benchmark were not brought within four years of the date when the services were performed. Therefore, Plaintiffs' claims are time-barred regardless of whether we label this statute as one of repose, or as a statute of limitations that commences to run when the survey is recorded. Plaintiffs argue that if section 28-3-114 is a statute of limitations, then the discovery rule would toll the running of the statute of limitations until they knew or should have known about their injury. However, we reject Plaintiffs' suggestion that the discovery rule would automatically apply if the statute is construed as one of limitations. "The concept of accrual relates to the date on which the applicable statute of limitations begins to run." ***Redwing v. Catholic Bishop for Diocese of Memphis***, – S.W.3d –, 2012 WL 604481, at \*16 (Tenn. Feb. 27, 2012) (citing *Columbian Mut. Life Ins. Co. v. Martin*, 175 Tenn. 517, 526, 136 S.W.2d 52, 56 (1940)). Under the traditional accrual rule, a cause of action accrues and the applicable statute of limitations begins to run when the plaintiff has a cause of action and the right to sue, even though the person has no knowledge of his right to sue. *Id.* "Accordingly, under the traditional accrual rule, the cause of action accrued in personal injury cases 'immediately upon the infliction or occurrence of [the] injury.'" *Id.* (quoting *Teeters v. Currey*, 518 S.W.2d 512, 515-16 (Tenn. 1974)). In 1974, our Supreme Court recognized and adopted the discovery rule in the context of medical malpractice to hold that "the cause of action accrues and the statute of limitations commences to run when the patient discovers, or in the exercise of reasonable care and diligence for his own health and welfare, should have discovered the resulting injury." *Id.* Since then, the Court has expanded the application of the discovery rule to many other injuries to persons or property, but it has also declined to apply the discovery rule to certain types of claims. *Id.* Because Tennessee Code Annotated section 28-3-114 expressly states that a cause of action against surveyors "shall accrue when the services are performed," we conclude that the discovery rule is inapplicable to such claims. *See* ***Pero's Steak & Spaghetti House v. Lee***, 90 S.W.3d 614, 620 (Tenn. 2002) (instructing courts to consider the specific statutory language at issue when determining whether to apply the discovery rule).[6]

---

[6] We recognize that the Supreme Court in ***Pero's*** also instructed courts to balance the policies furthered by application of the discovery rule against the legitimate policies upon which statutes of limitations are based when deciding whether the discovery rule applies. 90 S.W.3d at 620. However, the statute in this case is so clear in stating that the cause of action accrues when the services are performed, that regardless of our opinion as to whether this is a sound policy decision, we are compelled to follow the statutory language as written. *See* ***Watts v. Putnam County***, 525 S.W.2d 488, 492-93 (Tenn. 1975) (finding that claims were time-barred under the construction defect statute, and noting that although the result was "harsh" and perhaps "undesirable," it was "demanded under the statutory scheme."); *see also* ***Pero's***, 90 S.W.3d at 620 ("Not applying the discovery rule may very well be harsh in certain cases[.]"); ***Watkins v.***
(continued...)

In sum, Plaintiffs' claims against Benchmark were not filed within four years of the date when the survey was recorded, and so, pursuant to Tennessee Code Annotated section 28-3-114, the claims are time-barred.[7]

### C. Other Claims

Next, Plaintiffs argue that Tennessee Code Annotated section 28-3-114 only bars "negligence" claims against surveyors, and it should have no effect on their claims for misrepresentation and for violation of the Consumer Protection Act. The statute states that "[a]ll actions to recover damages against any person engaged in the practice of surveying for any deficiency, defect, omission, error or miscalculation" shall be brought within four years. Tenn. Code Ann. § 28-3-114(a). Plaintiffs basically contend that this statute only governs claims against surveyors for simple mistakes, and therefore, it is inapplicable to other claims.

Although we have not previously considered the breadth of this particular statute's applicability, courts have considered similar arguments regarding the construction defect statute that previously governed claims against surveyors. As noted above, section 28-3-202 provides that "[a]ll actions to recover damages for any deficiency in the design, planning, supervision, observation of construction, or construction of an improvement to real property" must be filed within four years after substantial completion of the improvement. In *Chrisman v. Hill Home Development, Inc.*, 978 S.W.2d 535, 539 (Tenn. 1998), plaintiffs filed suit six years after substantial completion of their subdivision, alleging that the subdivision developer had created a continuing nuisance in the construction of the drainage system in the subdivision. Plaintiffs argued that the construction defect statute was inapplicable to their suit because it was merely an "engineering negligence statute of limitations," and their claim was for nuisance. *Id.* at 540. Looking to the plain language of the statute, the Court noted that it addressed "*all* actions to recover damages, caused by any deficiency in the design or construction of an improvement." *Id.* "In order to construe the

---

[6](...continued)
*Tankersley Const., Inc.*, No. W2004-00869-COA-R3-CV, 2005 WL 1541869, at *5 (Tenn. Ct. App. Jun. 29, 2005) ("where the statute is clear, we must apply it as written, even if the result is harsh.")

[7] Plaintiffs do not argue that a tolling doctrine, such as equitable estoppel or fraudulent concealment, would apply if the statute is construed as a statute of limitations. Therefore, we have not addressed those issues in this opinion. *See Redwing v. Catholic Bishop for Diocese of Memphis*, No. W2009-00986-SC-R11-CV, – S.W.3d –, 2012 WL 604481, at *22 (Tenn. Feb. 27, 2012) (explaining that when the undisputed facts are sufficient to establish a statute of limitations defense, "the burden shifts to [the plaintiff] to demonstrate that the allegations in his [] complaint are sufficient to articulate at least a colorable basis for concluding that the statute of limitations has not run on his claims"). Similarly, we have not discussed whether the statute would be subject to an exception if it was construed as a statute of repose, because that issue was not raised on appeal.

statute as suggested by the plaintiffs," the Court explained, "we would have to find that the term 'deficiency' narrows the statute's scope to actions based only on a negligence theory—hardly a natural reading of the statute." *Id.* The Court also pointed out that the statute had previously been construed "to bar actions other than negligence actions." *Id.* For example, in *Lonning v. Jim Walter Homes, Inc.*, 725 S.W.2d 682 (Tenn. Ct. App. 1987), § 28-3-202 was held to bar a suit that included claims of fraudulent misrepresentation and breach of express warranty, and in *Pridemark Custom Plating, Inc. v. Upjohn, Co.*, 702 S.W.2d 566 (Tenn. Ct. App. 1985), the statute was applied to a suit that included claims of strict liability, breach of implied and express warranties, and misrepresentation. *Id.* The Supreme Court noted that these claims did not require proof of negligence, yet section 28-3-202 "applies with equal effect to all of them." *Id.* In summary, the Court explained,

> Casting a cause of action in terms of nuisance does not render the four-year statute of repose inapplicable. This is true because the designation given to a cause of action does not necessarily or conclusively determine whether Tenn. Code Ann. § 28-3-202 applies. Rather, we must look to the substantive allegations of the complaint.

*Id.* Based on the allegations in the complaint, the Court had "no difficulty finding that the instant action is an 'action[ ] to recover damages for any deficiency in the design, planning, supervision, observation of construction, or construction of an improvement to real property.'" *Id.* at 541 (quoting Tenn. Code Ann. § 28-3-202). "At the heart of the plaintiffs' nuisance claim [was] the allegation that the drainage system [was] deficient." *Id.*

Another analogous situation existed in ***Henry v. Cherokee Constr. & Supply Co., Inc.***, 301 S.W.3d 263, 265 (Tenn. Ct. App. 2009), where homeowners brought a negligent misrepresentation action against a home builder to recover damages sustained when a wall in their home collapsed. The homeowners argued that they were not suing for damages resulting from a construction defect, but for negligent misrepresentation because the builder represented that he had completed the project as agreed by the parties. *Id.* at 266. Nevertheless, the Court concluded that the material substantive allegations of the complaint alleged negligence in the construction of the house, and therefore the construction defect statute was applicable to bar the claim for negligent misrepresentation. *Id.* at 267.

In ***Cunha v. Cecil***, No. E2006-01066-COA-R3-CV, 2007 WL 273753, at *2-3 (Tenn. Ct. App. 2007), the Court concluded that a homebuyer's claim against a home builder pursuant to the Tennessee Consumer Protection Act, based on water damage to the home, was time-barred because it was not filed within the four year period provided by the construction defect statute, Tenn. Code Ann. § 28-3-202.

-11-

We also note that a comparable result was reached in **Prescott v. Adams**, 627 S.W.2d 134, 137 (Tenn. Ct. App. 1981), where a homebuyer sued the seller, alleging fraud in the inducement of a contract, misrepresentation, negligence in the design of an improvement to real property, breach of a fiduciary duty, and breach of the implied warranties of marketability and habitability. Looking to the gravamen of the complaint, the Court held that all of these causes of action were subject to the three-year statute of limitations for injuries to real property found at Tenn. Code Ann. § 28-3-105. **Id.**

Applying the reasoning of these cases to the case at bar, we will first look to the statutory language, which states that *all* actions to recover damages against any person engaged in the practice of surveying for *any* deficiency, defect, omission, error *or* miscalculation shall be brought within four years. Next we will consider the substantive allegations of the complaint, which alleged that Benchmark "was responsible for and negligent in failing to include sink holes and/or depressions on the final plat . . . either on their own or at the direction of other Defendants and that this failure proximately caused and/or contributed to the damages sustained by Plaintiffs."[8]  Plaintiffs alleged that Benchmark failed to properly include the sink holes and/or depressions on the final plat either by neglect/fault or at the direction of other parties. Plaintiffs also alleged that the "Defendants" neglected to disclose that their respective lots were subject to significant damage and/or diminution in value from the undisclosed location of the sink holes, and that the sink holes were negligently represented or purposely concealed. With regard to the alleged violation of the Consumer Protection Act, Plaintiffs alleged that "the Defendants' failure to disclose to the Plaintiffs the existence of the sink holes/depressions on the properties that they purchased is a deceptive practice[.]"  From our review of these allegations, we conclude that this suit against Benchmark is an action "to recover damages against [a] person engaged in the practice of surveying for [a] deficiency, defect, omission, error or miscalculation," and therefore, it is governed by section 28-3-114. At the heart of Plaintiffs' claims is the basic allegation that Benchmark failed to include the sink holes on the final plat, i.e., a deficiency, defect, omission, or error. As the **Wannamaker** Court pointed out, the obvious intent of the legislature in enacting section 28-3-114 was to place all limits on actions against surveyors into one statute. 2011 WL 1087913, at *2-3. Thus, we are constrained to find that Plaintiffs' claims against Benchmark, whether labeled as misrepresentation, failure to disclose, concealment, or a deceptive act, are governed by section 28-3-114. We recognize that this result may seem harsh, but it is demanded by the statutory scheme.

---

[8]  The causes of action listed by Plaintiffs included failure to disclose, misrepresentation, misrepresentation by concealment, and violation of the Tennessee Consumer Protection Act.

## IV.   CONCLUSION

For the aforementioned reasons, the decision of the chancery court is hereby affirmed. Costs of this appeal are taxed to the appellants, Brian Dale, Brian and Pamela Lawhorn, and William and Elaine Jenkins, and their surety, for which execution may issue if necessary. This case is remanded, pursuant to applicable law, for collection of costs assessed by the trial court.

_____
ALAN E. HIGHERS, P.J., W.S.